Anna SMITH et al.,
Plaintiffs-Appellants,

v.

UNITED STATES CIVIL SERVICE
COMMISSION et al.,
Defendants-Appellees.

No. 74–1556.

United States Court of Appeals,
Seventh Circuit.

Argued April 14, 1975.

Decided July 10, 1975.

As Amended July 14, 1975.

Richard L. Curry, Corp. Counsel, Edmund Hatfield, Asst. Corp. Counsel, Chicago, Ill., for plaintiffs-appellants.

James R. Thompson, U. S. Atty., Gary L. Starkman and Floyd Babbitt, Asst. U. S. Attys., Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, and STEVENS and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

The issue raised by this appeal is whether the complaint, mounting a constitutional attack on the Hatch Act insofar as it affects state and local employees, was properly dismissed as lacking a substantial federal question.

I

At the outset we are faced with pleading deficiencies which go to the propriety of federal jurisdiction.

 The plaintiffs in their amended complaint for declaratory judgment and injunctive relief have alleged that juris-

diction is conferred by 28 U.S.C. § 1331 and § 1343(3).[1]

Section 1343(3) grants jurisdiction of an action commenced "[t]o redress the deprivation, *under color of any State law,* statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States" (emphasis added). The plaintiffs further allege that they seek redress under Section 1983, which provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).

█ Inasmuch as the plaintiffs are here complaining about acts done by the defendants under color of federal law rather than state law, 42 U.S.C. § 1983 does not apply. *Bivens v. Six Unknown Named Agents,* 456 F.2d 1339, 1346 (2d Cir. 1972); *Norton v. McShane,* 332 F.2d 855, 862 (5th Cir. 1964), *cert. denied,* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274. Consequently, jurisdiction is not conferred by 28 U.S.C. § 1343(3).

█ The jurisdictional basis for this case must be 28 U.S.C. § 1331(a), *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 398, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Harlen, J., concurring), which provides:

> The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331(a).

The amended complaint does not contain allegations satisfying the jurisdictional amount and was properly dismissed on that ground alone, although not raised by the parties nor mentioned as a ground by the district court in its dismissal order.

Although we could permit the plaintiffs to amend their complaint in this court to allege the proper jurisdictional amount for each plaintiff, assuming that such allegations could, in good faith be made,[2] it would be futile to do so if we ultimately concluded that the amended complaint was also properly dismissed for the ground assigned by the district court, namely lack of a substantial federal question.

## II

The section of the Hatch Act which the plaintiffs specifically attack provides that:

---

1. The plaintiffs also alleged 28 U.S.C. §§ 2281 and 2284. Section 2281 refers to the enjoining of "any *State* statute" and Section 2284 merely provides for the composition and procedure of three-judge courts. The plaintiffs probably intended instead of Section 2281 to allege Section 2282 which refers to the enjoining of "any act of Congress." However, Sections 2282 and 2284 "are not jurisdictional but procedural. . . . Necessarily they assume jurisdiction in the court under some other statutory provision." *Van Buskirk v. Wilkinson,* 216 F.2d 735 (9th Cir. 1954).

The plaintiffs also alleged 5 U.S.C. § 1502(a)(3) which is the part of the Hatch Act which they seek to attack. Nothing in that section creates federal jurisdiction. Jurisdiction cannot be predicated on 5 U.S.C. § 1508 because this litigation is an independent proceeding rather than an attempt to obtain review of a Commission order. *See Blackmar v. Guerre,* 342 U.S. 512, 514–15, 72 S.Ct. 410, 96 L.Ed. 534 (1952).

2. 28 U.S.C. § 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *See Carson v. Allied News Co.,* 511 F.2d 22, 24 n. 4 (7th Cir. 1975); *Miller v. Davis,* 507 F.2d 308, 311 (6th Cir. 1974).

A State or local officer or employee[3] may not—

> * * * * * *

(3) take an active part in political management or in political campaigns. 5 U.S.C. § 1502(a)(3).

The complaint was filed on March 9, 1973. On October 15, 1974, Congress amended Section 1502(a)(3), effective January 1, 1975, to read as follows:

> A State or local officer or employee may not—
>
> * * * * * *
>
> (3) be a candidate for elective office.

Pub.L. 93–443, Title IV, § 401(a), Oct. 15, 1974, 88 Stat. 1290.

Section 1503 was also amended to read:

> Section 1502(a)(3) of this title does not prohibit any State or local officer or employee from being a candidate in any election if none of the candidates is to be nominated or elected at such election as representing a party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected.

*Id.* § 401(b)(1).

█ The relief sought here was the convening of a three-judge court and injunctive and declaratory relief.

"The necessary determination [prerequisite to injunctive relief] is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 898, 97 L.Ed. 1303 (1953).

In *Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969), a three-judge court had held a durational residency voting requirement of Colorado law to be constitutional. The plaintiff had sought an injunction restraining enforcement of the statute. While the case was pending on appeal in the Supreme Court, Colorado substantially reduced the duration of the residency requirement. The Supreme Court, in vacating the judgment below and remanding with directions to dismiss the cause as moot, said:

> [T]he recent amendatory action of the Colorado Legislature has surely operated to render this case moot. . . The case has therefore lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law.

*Id.* at 48, 90 S.Ct. at 201.

In *Zwickler v. Koota,* 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), the Supreme Court indicated that "a request for a declaratory judgment that a state statute is overbroad on its face must be considered independently of any request for injunctive relief against enforcement of that statute." *Id.* at 254, 88 S.Ct. at 399. After remand to the district court, however, the *Zwickler* case was again appealed to the Supreme Court, which held that the case should be dismissed as moot since Zwickler had been convicted of violating a New York election law by distributing anonymous handbills attacking a Congressman, and subsequently that Congressman had been appointed to the Supreme Court of New York. Therefore, no "controversy" existed because there was no prospect that Zwickler would ever be prosecuted again for distributing similar handbills. *Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). The Court quoted *United Public Workers v. Mitchell,* 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947), a Hatch Act case, in concluding:

> The power of courts, and ultimately of this Court to pass upon the constitutionality of acts of Congress arises only when the interests of litigants require the use of this judicial authority

---

**3.** 5 U.S.C. § 1501(4) defines "State or local officer or employee" as "an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency . . . ."

for their protection against actual interference. A hypothetical threat is not enough.

*Id.* at 90, 67 S.Ct. at 564.

■ It would appear that the congressional amendment, which occurred after the district court dismissed the case as lacking a substantial federal question, rendered future threats of actual interference with the plaintiffs moot, and warranted the dismissal of the case which sought only injunctive and declaratory relief.

### III

But assuming *arguendo* that the present Hatch Act statutory prohibition against being a candidate for elective office preserves a shred of the controversy, we proceed a step further. The question of partial mootness, as opposed to what we believe in this case is complete mootness, blends almost imperceptibly into a question of the existence of a substantial federal question. In considering mootness, the Supreme Court said in *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974):

> The question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 [61 S.Ct. 510, 512, 85 L.Ed. 826] (1941). And since this case involves governmental action, we must ponder the broader consideration whether the short-term nature of that action makes the issues presented here "capable of repetition, yet evading review," so that petitioners are adversely affected by government "without a chance of redress." *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515 [31 S.Ct. 279, 283, 55 L.Ed. 310] (1911).

*Id.* at 122, 94 S.Ct. at 1698.

In four cases, two of mature vintage and two very recent, the Supreme Court has upheld virtually every aspect of the Hatch Act against constitutional challenges as it applies to federal employees and to State and local employees. *United States Civil Service Commission v. National Ass'n of Letter Carriers,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *United Public Workers v. Mitchell,* 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); *Oklahoma v. Civil Service Commission,* 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794 (1947).

The plaintiffs here contended that the portions of the Hatch Act applying to State and local employees violate the First, Fifth, Eighth and Tenth Amendments.

The Hatch Act tetralogy considered in great detail First, Fifth, Ninth and Tenth Amendment attacks on the Act. *See, e. g., Mitchell, supra,* 330 U.S. at 83, n. 12, 67 S.Ct. 556.

The plaintiffs here argued however, that their Fifth Amendment, attack is novel in suggesting that State and local employees are subjected to more severe penalties than federal employees. The *Mitchell* case disposed of an argument under the Fifth Amendment that the Hatch Act discriminated between covered federal employees and exempted federal employees, *Mitchell, supra,* at 83, n. 12, para. 4, 67 S.Ct. 556, and the *Broadrick* case disposed of an argument under the Fourteenth Amendment of discrimination between covered classified state employees and exempted unclassified state employees, *Broadrick, supra,* 413 U.S. at 607, n. 5, 93 S.Ct. 2908. In neither case was the argument considered even mildly persuasive. Hence, we cannot say that the district court here was erroneous in finding plaintiffs' variation of those arguments insubstantial.

■ We believe that plaintiffs' sole remaining attack, that the sanctions im-

posed by the Hatch Act constitute cruel and unusual punishment, is frivolous.

The proceedings and sanctions against State and local employees under the Hatch Act are civil and not criminal. *Stewart v. United States Civil Service Commission*, 45 F.Supp. 697, 701 (N.D. Ga.1942). The Supreme Court said in *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968):

> The primary purpose of [the Cruel and Unusual Punishment] clause has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of criminal statutes . . .

*Id.* at 531–32, 88 S.Ct. at 2155.

■ If, as we conclude, the district court properly found no substantial federal question warranting the convening of a three-judge court, the same finding requires the plaintiffs to exhaust their administrative remedies. These two factors were equated in *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), where the Supreme Court said:

> Decisions of this Court, however, established that a plaintiff in an action brought under the Civil Rights Act, 42 U.S.C. § 1983 . . .,[4] is not required to exhaust administrative remedies, where the constitutional challenge is sufficiently substantial . . to require the convening of a three-judge court.

*Id.* at 312, n. 4, 88 S.Ct. at 2131.

The portion of the Hatch Act which applies to State and local employees contemplates investigation by the Civil Service Commission and notice of hearing, 5 U.S.C. § 1504, hearing, *Id.* § 1505, and judicial review to the United States District Court for the district in which the State or local officer or employee resides, *Id.* § 1508. "The court shall review the entire record including questions of fact and questions of law . . subject to review by the appropriate United States Court of Appeals as in other cases. . . ." *Id.*

In *DuBois Clubs v. Clark*, 389 U.S. 309, 88 S.Ct. 450, 19 L.Ed.2d 546 (1967), the Supreme Court affirmed the dismissal by a three-judge court of a complaint attacking the constitutionality of the Subversive Activities Control Act of 1950 for failure to exhaust administrative remedies. The Court said:

> It is evident that Congress has provided a way for appellants to raise their constitutional claims. . . . [T]he District Court should not be forced to decide these constitutional questions in a vacuum.

*Id.* at 311–12, 88 S.Ct. at 452.

■ The availability to these plaintiffs of a full administrative hearing followed by complete judicial review brings us back full circle to the question of mootness. The adequate "chance of redress" through administrative and judicial review channels makes it unnecessary for the courts to consider at this time the constitutionality of the Hatch Act as it existed prior to congressional amendment.

For the reasons set forth in Parts I, II and III of this opinion, the judgment of dismissal is affirmed and the district court's order of stay pending appeal is vacated.

---

4. We assume for this argument, that the present *Bivens* type claim (*Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)), has dimensions which are similar to 42 U.S.C. § 1983, when brought against persons acting under color of state law rather than under color of federal law.