**Eugene M. LONSDALE, Sr., Plaintiff,**

v.

**L.L. SMELSER and the Atchison, Topeka and Santa Fe Railroad Company, Defendants.**

**Civ. A. No. CA-5-82-53.**

United States District Court,
N.D. Texas,
Lubbock Division.

Dec. 15, 1982.

Eugene M. Lonsdale, Sr., pro se.

D. Thomas Johnson, McWhorter, Cobb & Johnson, Lubbock, Tex., Gus Svolos, Robert R. Bateson, John J. Fleps, Chicago, Ill., for defendants.

ORDER

WOODWARD, Chief Judge.

Defendants in the above-styled case have filed a motion for summary judgment and a brief and affidavits in support thereof. Plaintiff has filed a memorandum in opposition to defendants' motion. After having given due consideration to these materials, it appears that there is no dispute as to any of the material facts and therefore, defendants' motion should be granted.

The material facts are uncontroverted: Plaintiff has been an employee of defendant Santa Fe Railroad Company since 1957. Prior to November, 1980, plaintiff had on file with Santa Fe an IRS Form W-4 claiming a total of two exemptions (for husband and wife) from federal income tax withholding. Throughout calendar years 1980 and 1981, plaintiff worked regularly for Santa Fe, earning wages in excess of two hundred dollars per week. In November, 1980, plaintiff filed a W-4 form with Santa Fe claiming complete exemption from federal income tax withholding obligations for the taxable year 1981. Plaintiff filed another W-4 form to the same effect on May 11, 1981. Defendant Santa Fe honored plaintiff's contention that he was entitled to withholding exemption until it received instructions from the Internal Revenue Service on November 6, 1981 that plaintiff was not entitled to withholding exemption and that Santa Fe must commence withholding federal income taxes from plaintiff's wages. Plaintiff brought this suit against Santa Fe and its employe, L.L. Smelser.

Plaintiff alleges that by failing to continue to honor his claimed exemption from withholding, defendants deprived him of his constitutional and civil rights. More specifically, plaintiff alleges that defendants' fail-

ure to continue to honor his claimed exemption is in direct violation of 26 U.S.C. § 3402(n).[1] Defendants contend that plaintiff cannot obtain injunctive relief against them because of the prohibition on such relief contained in the Anti-Injunction Act, 26 U.S.C. § 7421(a).[2] Defendants also argue that plaintiff's request for monetary damages is barred by 26 U.S.C. § 3403.[3]

The same issue raised here by plaintiff was adequately disposed of in *Chandler v. Perini Power Constructors, Inc.,* 520 F.Supp. 1152 (D.N.H.1981). The other arguments of plaintiff can be disposed of by reference to his two prior suits.[4] There being no validity to any of plaintiff's alleged causes of action, defendants' motion is granted. A judgment will be entered accordingly.

It is so ordered.

1. (n) Employees incurring no income tax liability.—Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee—

(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and

(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.

The Secretary shall by regulations provide for the coordination of the provisions of this subsection with the provisions of subsection (f).

2. § 7421. Prohibition of suits to restrain assessment or collection

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

3. § 3403. Liability for tax

The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

4. *See Lonsdale v. C.I.R.,* 661 F.2d 71 (5th Cir. 1981), and *Lonsdale v. Egger,* 525 F.Supp. 610 (N.D.Tex.1981).