**Judy EDGAR, et al.,
Plaintiffs-Appellants,**

v.

**INLAND STEEL COMPANY, a corporation, Defendant-Appellee.**

No. 83–2314.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 15, 1984 *.
Decided Sept. 21, 1984.

---

* After preliminary examination of the briefs, the Court notified the parties that it had tentatively concluded that argument would not be helpful to the Court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." Appellants have filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

R. Lawrence Steele, Jr., U.S. Atty., John A. Hyde, Hammond, Ind., for plaintiffs-appellants.

Palmer C. Singleton, Jr., Singleton, Levy, Crist & Johnson, Highland, Ind., Carleton D. Powell, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CUMMINGS, Chief Judge, and CUDAHY and FLAUM, Circuit Judges.

PER CURIAM.

Taxpayers appeal the dismissal of their civil rights (42 U.S.C. § 1983) and breach of contract claims against their employer, defendant Inland Steel Company, which failed to honor their claims of exemption from withholding of federal income taxes. We affirm.

█ Taxpayers filed withholding exemption certificates with defendant during the 1981 and 1982 tax years. Pursuant to regulations promulgated by the United States Treasury, defendant forwarded these certificates to the Internal Revenue Service (the "IRS"), which instructed defendant to resume withholding taxpayers' federal income taxes notwithstanding their claims of exemption. Treasury Regulation § 31.-3402(4)(2)–1, T.D. 7682. When defendant complied with these instructions, taxpayers brought suit in state court, seeking an injunction barring further withholding of taxes, the return of taxes previously withheld, double wages, compensatory and punitive damages, and costs and legal fees.[1] De-

---

**1.** Plaintiffs' claim for injunctive relief is barred by 26 U.S.C. § 7421(a), commonly known as the

fendant removed the case to federal district court and, on November 2, 1982, moved for dismissal on the grounds that the court lacked jurisdiction to grant the requested relief, and that the complaint failed to state a claim upon which relief could be granted. The district court granted the motion without discussion on June 16, 1983. This appeal followed.

■ This lawsuit represents yet another disturbing example of a patently frivolous appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues. Employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability. 26 U.S.C. § 3403. *See Pascoe v. Internal Revenue Service,* 580 F.Supp. 649, 654 (E.D.Mich.1984); *Lonsdale v. Smelser,* 553 F.Supp. 259 (N.D.Tex. 1982); *Chandler v. Perini Power Constructors, Inc.,* 520 F.Supp. 1152 (D.N.H. 1981).[2] Even assuming that this statute does not bar plaintiffs' action, which it does, plaintiffs cannot recover under 42 U.S.C. § 1983. Section 1983 creates a remedy to redress deprivations, under color of state law, of any right, privilege or immunity secured by the Constitution of the United States. The statute, by its express terms, is directed only to state wrongdoing. At best, defendant acted under color of federal law when it complied with the IRS instructions; but section 1983 does not protect against such acts. *See Hubbert v. U.S. Parole Commission,* 585 F.2d 857 (7th Cir.1978); *City of Milwaukee v. Saxbe,* 546 F.2d 693 (7th Cir.1976); *Smith v. U.S. Civil Service Commission,* 520 F.2d 731 (7th Cir.1975). *See also Zernial v. United States,* 714 F.2d 431 (5th Cir.1983) (levying of wages by IRS accomplished pursuant to federal law by federal agents and private parties, and therefore taxpayer failed to state cause of action under 42 U.S.C. § 1983 because this section only provides redress for actions taken under color of state law).

■ Plaintiffs' claims that defendant breached their employment contracts by withholding taxes from their wages must also fail. The pleadings contain no allegation that the employment contracts contained clauses requiring defendant to refrain from withholding federal taxes from their wages. In the absence of such a provision, the employer discharges its contractual obligations when it pays its employees their wages, less withholding. *Stonecipher v. Bray,* 653 F.2d 398, 401 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). *See also United States Fidelity & Guaranty Co. v. United States,* 201 F.2d 118, 120 (10th Cir. 1952).[3]

■ Defendant requests costs and attorney's fees pursuant to Rule 38 of the Federal Rules of Appellate Procedure. We recently announced that "[a]busers of the tax system have no license to make irresponsible demands on the Courts of Appeals to consider fanciful arguments put forward in bad faith." *Granzow v. CIR,* 739 F.2d 265, 270 (7th Cir.1984). *See also United States v. Ekblad,* 732 F.2d 562 (7th Cir.1984). While it is unnecessary to reach plaintiffs' constitutional and statutory arguments, we note that their rambling, one hundred and sixty-one paragraph complaint contains virtually every imaginable time-worn challenge to the federal income-tax withholding system.[4] We therefore grant

---

Anti-Injunction Act, which, absent special circumstances not present here, prohibits any suit "for the purpose of restraining the assessment or collection of any tax ... by any person."

2. Section 3403 provides:
The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

3. We do not decide whether such a contractual term would be enforceable or void as against public policy.

4. Plaintiffs argue, *inter alia,* (1) that withholding is an illegal taking without due process of law, (2) that they are not "employees" subject to taxation, (3) that withholding constitutes a form of involuntary servitude under the 13th Amendment, (4) that defendant's refusal to honor their claims of exemption infringe on their "common

defendant's request for costs and reasonable attorney's fees. Defendant shall within 15 days of the filing of this order file with this court a submission as to the fees and costs they have incurred.

AFFIRMED.

law copyright," (5) that wages are not income and (6) that federal reserve notes are not money. Every court that has considered any of these claims has found them to be without merit.