Victor LEPUCKI, Plaintiff-Appellant,

v.

Bernard L. VAN WORMER, et al.,
Defendants-Appellees.

Kenneth PAZDUR, et al.,
Plaintiffs-Appellants,

v.

BLAW–KNOX FOUNDRY AND MILL
MACHINERY, Defendant-Appellee.

Nos. 84–2304, 84–3041.

United States Court of Appeals,
Seventh Circuit.

Submitted March 13, 1985.

Decided April 4, 1985.*

Opinion May 16, 1985.

John A. Hyde, Hammond, Ind., for plaintiffs-appellants.

Palmer C. Singleton, Jr., & Glenn R. Patterson, Singleton Levy Crist & Johnson, Highland, Ind., Bruce D. Brattain, Asst. U.S. Atty., Hammond, Ind., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before BAUER, POSNER and FLAUM, Circuit Judges.

* This appeal was originally decided by unreported order on April 4, 1985. See Circuit Rule 35.

The Court has subsequently decided to issue the decision as an opinion.

PER CURIAM.

Our system of jurisprudence is designed to insure that all disputants with colorable claims have access to the courthouse. Relatively low barriers to entry have, however, generated an undesirable result—a deluge of frivolous or vexatious claims filed by the uninformed, the misinformed, and the unscrupulous. These claims clog court dockets and threaten to undermine the ability of the judiciary to efficiently administer the press of cases properly before it. Perhaps the greatest safeguard against this danger is the integrity and good sense of practicing lawyers who, as officers of the court, have both an ethical and a legal duty to screen the claims of their clients for factual veracity and legal sufficiency. Model Rule of Professional Conduct 3.1 (1983); Fed.R.Civ.P. 11. Lawyers have a unique opportunity to counsel restraint or recklessness, to craft imaginative arguments or to press empty challenges to well-settled principles. Because of our reluctance to constrain the discretion of attorneys in the vigorous advocacy of their clients' interests, we penalize them only where they have failed to maintain a minimum standard of professional responsibility. But we will not overlook such a failure when it occurs, in part because it evidences disdain for the public, whose claims lie dormant because frivolous suits have diverted away scarce judicial resources, disdain for adversaries, who must expend time and money to defend against meritless attacks, and disdain for clients, whose trust is rewarded with legal bills, dismissals, and court-imposed sanctions. We have consolidated the following two appeals by attorney John A. Hyde as examples of irresponsible advocacy falling below minimum professional standards and deserving of penalty.

In *Pazdur v. Blaw-Knox Foundry and Mill Machinery* (No. 84–3041), appellant John A. Hyde represented various plaintiffs who sought, among other things, (1) an injunction barring their employer from "using or tendering various federal reserve notes as any purported payment for a debt obligation unless the creditor expressly consents to receive them," (2) an injunction barring the circulation of federal reserve notes, (3) a return of all of their wages withheld pursuant to the Internal Revenue Code and Treasury Regulations, and (4) costs and fees.

Defendant removed the cause, originally filed in Indiana state court, to federal district court. On September 21, 1983 defendant moved to dismiss, and requested costs and fees. Plaintiffs moved for an extension of time to respond, which the court granted through October 27, 1983. Plaintiffs failed to file a response and the court, on July 23, 1984, dismissed the complaint with prejudice and took defendant's motion for costs and fees under advisement. Defendant filed a memorandum in support of its request as well as an affidavit of costs and fees. On August 15, 1984, plaintiffs filed a memorandum in opposition. The court ordered a hearing for October 25, 1984 on the pending motion. While three of the party plaintiffs and counsel for defendant appeared, appellant John A. Hyde, counsel for plaintiffs, did not.[1] Defendant orally moved to award costs and fees against appellant pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. The court assessed costs of $2,139.97 against appellant and costs of $50 each against the six party plaintiffs. John A. Hyde appeals from the $2,139.97 award alone.

---

1. Appellant argues that plaintiffs authorized him to dismiss their case, and that once the district court dismissed it (although not pursuant to any request made by appellant), he did not feel compelled to attend the October 25, 1984 hearing since, in his mind, he no longer represented plaintiffs. But nothing in either Fed.R.Civ.P. 11 or 28 U.S.C. § 1927 limits a court's discretion to penalize only those lawyers who remain active on a case at the time the sanction is imposed. In any event, appellant filed a brief on behalf of plaintiffs in opposition to defendant's motion for costs and fees on August 15, 1984, long past the date on which he alleges his representation ended. Appellant either has intentionally misrepresented facts to this court, or has filed unauthorized pleadings on behalf of plaintiffs—themselves acts deserving of sanction.

His primary argument is that "as there are no dollars and a court can enter judgment only in dollars, no court can enter a valid judgment for money today." This outrageous contention is so absurd that it merits no response. In any event, we summarily rejected a nearly identical claim in a recent appeal in which appellant served as plaintiffs' counsel. *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 n. 4 (7th Cir.1984). Appellant also argues that he never received notice that penalties could be imposed against him and that he is entitled to a hearing before any penalty can be imposed.

▇▇ We initially note that courts require notice and a hearing before they impose costs and fees against an attorney. *Cf. Hanley v. Condrey*, 467 F.2d 697 (2d Cir.1972); *Miles v. Dickson*, 387 F.2d 716 (5th Cir.1967). While the Notes of the Advisory Committee on Rule 11 point out that the procedure followed must comport with due process, it goes on to state that "[t]he particular format to be followed should depend on the circumstances of the situation and the severity of the sanction under consideration. In many situations the judge's participation in the proceedings provide him with full knowledge of the relevant facts and little further inquiry will be necessary." While appellant did not have explicit notice that the court would consider imposing costs and fees against *him* at the October 25, 1984 hearing, he knew that the court would consider generally the imposition of penalties. Such notice was sufficient under the circumstances of this case, and appellant, having voluntarily chosen not to attend the hearing, cannot now complain that he is entitled to additional process. The decision of the district court is affirmed.

The second appeal, *Lepucki v. Van Wormer* (No. 84–2304), involved an employee of Inland Steel Co. ("Inland"), who filed a Form W–4 Withholding Allowance Certificate claiming exemption from withholding. Inland sent the form to the Internal Revenue Service (the "IRS"), which, following an investigation, ordered Inland to resume withholding federal income taxes from plaintiff's wages. It also imposed a $500 penalty plus interest on plaintiff for providing false information on the W–4 form. Richard Smulevitz, then payroll supervisor of Inland, informed plaintiff that the penalty would be deducted from his wages pursuant to the directions of the IRS.

Plaintiff retained attorney John A. Hyde, who filed a complaint in Indiana state court asserting that IRS officials defamed plaintiff when they communicated to Inland that he was being penalized for providing false information on his W-4 form, that defendant Smulevitz repeated the slander when he relayed the information to plaintiff, and that defendants Smulevitz and Inland wrongfully withheld his wages to satisfy the IRS directive. Defendants removed the action to federal court. After the district court denied plaintiff's motion for remand, it dismissed the action against the named IRS officials, finding them absolutely immune from suit for defamation. The slander action against Smulevitz was dismissed after the court determined his statement to plaintiff to be true. The court also dismissed the claim for recovery of allegedly wrongfully withheld wages by Smulevitz and Inland, finding such an action barred by statute. 26 U.S.C. § 3403. *See Edgar*, 744 F.2d at 1278. Last, the court imposed costs and fees against plaintiff "because it is patently obvious that this action was instituted not for the good faith reparation of an actual wrong but, rather, as a device for asserting certain philosophical beliefs regarding the tax laws of the United States and their implementation. Though plaintiff has every right to the free expression of his beliefs in this area, he does not have the right to exploit the judicial system of the United States, and resources of individual and corporate defendants thereof, to that end." 587 F.Supp. 1390, at 1395. This appeal followed.

▇▇ Plaintiff first challenges the district court's denial of his motion for remand to state court. His complaint, among other things, seeks damages for libelous comments allegedly made by federal offi-

cials in the course of their employment. Such actions are removable to federal courts. 28 U.S.C. § 1442(a)(1). *See Stein-Sapir v. Birdsell*, 673 F.2d 165 (6th Cir. 1982); *Poss v. Lieberman*, 299 F.2d 358 (2nd Cir.), *cert. denied*, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962). Moreover, where a defendant can properly remove one count in a complaint, he or she can remove the entire action, including pendent state law claims. *Cf. General Investment Co. v. Lake Shore Ry.*, 260 U.S. 261, 288–289, 43 S.Ct. 106, 117–118, 67 L.Ed. 244 (1922); *National Audubon Society v. Dept. of Water and Power*, 496 F.Supp. 499 (E.D.Cal.1980). Thus, the district court had jurisdiction to consider all of plaintiff's claims and did not abuse its discretion in refusing to remand the dispute back to state court. Neither did the district court abuse its discretion by awarding costs and fees to defendants for the filing of this patently frivolous suit. The rest of plaintiff's appeal consists of attorney John A. Hyde's familiar litany about the evils of federal reserve notes and other non-meritorious arguments. We affirm the district court's order.

■ We will no longer tolerate abuse of the judicial process by irresponsible counsel who obstinately continue to use the courts in bad faith as forums for expression of philosophic beliefs and not for the resolution of *bona fide* disputes. We have repeatedly cautioned against the filing of frivolous appeals such as these and have no hesitation imposing costs and reasonable attorney's fees, pursuant to Fed.R.App.P. 38, against attorney John A. Hyde as appellant in No. 84–3041 and as lawyer for appellant in No. 84–2304. *Granzow v. Commissioner*, 739 F.2d 265 (7th Cir.1984); *Reid v. United States*, 715 F.2d 1148 (7th Cir.1983) (sanctions imposed against attorney). We also impose costs against appellant Lepucki in No. 84–2304.

Last, we are referring attorney John A. Hyde to the appropriate state disciplinary bodies for investigation because of his pattern of abuse of the judicial process.

IT IS SO ORDERED.