**Joann M. FEHRMANN, Plaintiff,**

v.

**Lawrence M. PHILLIPS, Suzanne J. Collins, and John R. Stack, Defendants.**

**No. 84-C-0351.**

United States District Court, E.D. Wisconsin.

June 13, 1985.

Joann M. Fehrman, pro se.

Joel R. Levin, Asst. U.S. Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

This lawsuit represents another example of the wholly frivolous and downright vexatious tax protestor litigation that has unfortunately clogged the trial courts of this

and other federal circuits in recent months. Despite the unequivocal warnings of both the district and circuit courts that the wholesale abuse of the judicial process embodied in these meritless actions will not be tolerated further but will, instead, result in the imposition of harsh sanctions, *see, e.g., Granzow v. C.I.R.*, 739 F.2d 265, 269–270 (7th Cir.1984) ("... [W]e can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes"); *United States v. Ekblad*, 732 F.2d 562, 563–564 (7th Cir.1984) (awarding the government double costs and reasonable attorneys' fees in the wake of a frivolous and unsuccessful appeal by the taxpayer-defendant), misguided litigants, like the present plaintiff, with perverted views of their rights and responsibilities with respect to the payment of federal income tax and distorted notions of the role of the federal judiciary in remedying so-called civil rights violations of constitutional dimension, continue to initiate these hapless actions. Although the courthouse doors remain open to all serious civil litigants, the time has plainly come to place on notice those taxpayers, motivated not by a legitimate interest in the equitable resolution of claims but prompted to action solely out of malice and an unbounded sense of self-importance, that their previously unfettered access to the courts is narrowing. With today's order, the Court provides such unequivocal, if informal, notice.

The rambling—and, in some portions, virtually unintelligible—complaint in this case was filed against three employees of the federal Internal Revenue Service on March 14, 1984. Although the complaint incorporates wholly irrelevant discussions of, among other things, the doctrine of separation of church and state and the fundamentals of so-called "positive law," it appears that the principal allegations contained therein are that the named defendants entered into a conspiracy to deprive the plaintiff of her due process rights by assessing various penalties against her for filing frivolous tax returns and false withholding statements. Invoking the language of the federal civil rights statutes—specifically, 42 U.S.C. § 1983 & 1985—and certain provisions of the federal criminal code—namely, 18 U.S.C. § 241 & 242—the plaintiff complains that various levies made on her wages by the Internal Revenue Service in payment of the penalty assessments collectively constitute an "unlawful taking of Plaintiff's monies against Plaintiff's will [and a] deprivation of Plaintiff's right to due process of law before being deprived of property." Plaintiff's *Complaint* at 6 & 7 (March 14, 1984). While her ad damnum clause is not a model of pleading clarity, it appears that she seeks declaratory judgment that the several assessments and subsequent levies on her wages were unconstitutional, injunctive relief preventing the named defendants from issuing and pursuing recovery on further tax penalties, and total damages in the amount of $89,580.22.

Presently before the Court in this matter is the defendants' motion of May 25, 1984, to dismiss the complaint in its entirety, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and for an award of those attorney's fees and costs incurred in the defense of this matter. In their supporting memorandum, the defendants describe with some precision the factual circumstances upon which this lawsuit is premised and argue, among other things, that the Court lacks subject matter jurisdiction over the action, that the plaintiff is precluded from prosecuting her claims against any of the named defendants pursuant to the doctrine of sovereign immunity, and, in any event, that the complaint wholly fails to state a claim upon which any sort of relief might be granted. The defendants' companion request for an award of attorney's fees is based on the plaintiff's purported exhibition of bad faith in the initiation and prosecution of this action.

Although the plaintiff has filed a memorandum in opposition to the pending Rule 12(b) motion, it is nothing more than an

overwrought and largely irrelevant discussion of the role of divinity in the establishment of government, the limitations on the powers of the government to tax its citizens, the fallen status and present shame of the federal judiciary, and the hoax perpetrated by the Internal Revenue Service under the guise of false notions about income and property. Like her complaint, the plaintiff's responsive brief provides the Court with absolutely no assistance whatsoever in resolving this matter fairly and serves only to underscore the supreme contempt that this litigant feels toward the very institution to which she has turned in an effort to remedy what she perceives as significant violations of her constitutional rights.

Having carefully reviewed the colorful record compiled in this case to date, the Court is reminded of the simple yet powerful words of the Court of Appeals for the Seventh Circuit in reaction to a similar suit by taxpayers seeking, among other things, an injunction barring the further withholding of taxes and the return of those amounts previously withheld: In *Edgar v. Inland Steel Company*, 744 F.2d 1276, 1278 (7th Cir.1984), the Court of Appeals rejected as meritless

> a patently frivolous appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues. Employees have no causes of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability. 26 U.S.C. § 3403. *See Pascoe v. Internal Revenue Service*, 580 F.Supp. 649, 654 (E.D.Mich.1984); *Lonsdale v. Smelser*, 553 F.Supp. 259 (N.D. Tex.1982); *Chandler v. Perini Power Constructors, Inc.*, 520 F.Supp. 1152 (D.N.H.1981). Even assuming that this statute does not bar plaintiffs' action, which it does, plaintiffs cannot recover under 42 U.S.C. § 1983. Section 1983 creates a remedy to redress deprivations under color of state law, of any right, privilege or immunity secured by the Constitution of the United States. The statute, by its express terms, is directed

only to state wrongdoing. At best, defendant acted under color of federal law when it complied with the IRS instructions; but section 1983 does not protect against such acts. *See Hubbert v. U.S. Parole Commission*, 585 F.2d 857 (7th Cir.1978); *City of Milwaukee v. Saxbe*, 546 F.2d 693 (7th Cir.1976); *Smith v. U.S. Civil Service Commission*, 520 F.2d 731 (7th Cir.1975). *See also Zernial v. United States*, 714 F.2d 431 (5th Cir. 1983) (levying of wages by IRS accomplished pursuant to federal law by federal agents and private parties, and therefore taxpayer failed to state cause of action under 42 U.S.C. § 1983 because this section only provides redress for actions taken under color of state law).

■ Although the present action is filed against those employees of the Internal Revenue Service purportedly responsible for effecting the several levies against the plaintiff's wages and not, as in *Edgar*, against the taxpayer's employer itself, the Court is confident in concluding that the allegations in the present complaint are no more meritorious than those articulated by the plaintiff in *Edgar*. Principal among the obvious defects in the plaintiff's cause of action is her wholesale failure to establish the Court's subject matter jurisdiction: While she alleges that her claims are brought pursuant to the Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendments to the federal constitution, her complaint is so insubstantial on a factual basis and so completely lacking in any legal substance as to preclude any proper finding of subject matter jurisdiction under either 28 U.S.C. § 1331, establishing the Court's authority to hear cases involving federal questions, or any other statute prescribing the boundaries of the federal judicial authority.

Although the Court opines that this unmistakable frivolity of the plaintiff's case is sufficient, by itself, to justify an order of dismissal, it also notes that the action is wholly barred pursuant to the doctrine of sovereign immunity. Despite the suggestions in the complaint to the contrary, it is clear that the three, named defendants are

sued in their capacities as employees of the Internal Revenue Service; the action is thus properly captioned as one against the United States as defendant. In turn, it is well established that the United States, as a sovereign, may be sued only to the extent that it has so consented; moreover, any waiver of this immunity must be explicit and strictly construed. Since there is no showing whatsoever that the United States consented to be sued in matters such as these or might properly be deemed by statute to have waived its immunity for present purposes, the action is, as indicated above, fatally defective under the doctrine of sovereign immunity.

■ Furthermore, to the extent that the plaintiff seeks an injunction preventing the named defendants from assessing any additional penalties or collecting federal taxes from her, the prayer runs headlong into the considerable impediment posed by the federal Anti-Injunction Act, 26 U.S.C. § 7421(a), prohibiting the prosecution of any action to restrain the assessment or collection of taxes. Although the Courts have generally recognized a narrowly circumscribed exception to the unmistakable import of the Act, *see Enochs v. Williams Packing & Navigation Company,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962) (exception valid only where taxpayer demonstrates that the government could not ultimately prevail under any circumstances and irreparable injury will result to him or her absent requested injunctive relief); *Shaffer v. C.I.R.,* 515 F.Supp. 748, 752 (E.D.La.1981) (likewise), there is nothing in the record of this case to indicate that the preclusive force of the Anti-Injunction Act, 26 U.S.C. § 7421(a), should not be afforded its full effect.

■ Similarly, to the extent that the plaintiff seeks judgment declaring the defendants' acts in violation of federal constitutional provisions, the so-called Declaratory Judgment Act, 28 U.S.C. § 2201, wholly precludes such relief: With the exception of a limited exception not relevant under the circumstances of this case, the statute specifically bars lawsuits for declaratory relief with respect to the collection of federal taxes. *Lapadula & Villani, Inc. v. United States,* 563 F.Supp. 782, 784 (S.D.N.Y.1983); *Handeland v. C.I.R.,* 519 F.2d 327, 329 (9th Cir.1975). As such, it effectively renders meaningless the plaintiff's prayer for declaratory judgment.

The final, insurmountable jurisdictional defect presented by the plaintiff's cause of action is that she has plainly failed to pursue those administrative remedies available to her as a means of contesting liability for those penalties imposed under 26 U.S.C. § 6702. Among other things, § 6703(c) of Title 26 establishes, as a prerequisite to the initiation of a federal court action, that the taxpayer pay at least fifteen percent of the penalty and thereafter file a claim for refund within thirty days of notice and demand. The plaintiff's apparent decision not to pursue this extrajudicial option— and, not insignificantly, her companion failure not to file for a refund after full payment of the assessed penalties, pursuant to 26 U.S.C. § 6682(a)—effectively robs this Court of any jurisdiction to entertain her cause of action.

The defendants accurately note in their brief that they are further entitled to absolute immunity for any wrongs allegedly perpetrated in the performance of their duties as employees of the Internal Revenue Service. They also observe, as the Court has already noted *supra* at 6, that the factual averments in the complaint—to the extent that they can be identified apart from the purely conclusory legal allegations incorporated therein—wholly fail to support any cause of action under the federal civil rights statutes, 42 U.S.C. §§ 1983 & 1985, or pursuant to 18 U.S.C. §§ 241 & 242, statutory provisions establishing criminal penalties but not civil liability for conspiratorial deprivations of constitutional rights. These overt, substantive shortcomings to the plaintiff's cause of action only underscore the complete lack of merit to

this lawsuit and the consequent necessity that it be dismissed in its entirety.[1]

In *Lepucki v. Van Wormer* and *Pazdur v. Blaw-Knox Foundry And Mill Machinery*, 765 F.2d 86 (7th Cir.1985), the Court of Appeals for the Seventh Circuit was faced with the consolidated appeals of two, not entirely dissimilar taxpayer actions challenging certain practices and rulings of the Internal Revenue Service. Affirming, among other things, the district courts' orders dismissing the actions and awarding costs, the Court of Appeals described a class of federal lawsuits of which the present action is a member:

> Our system of jurisprudence is designed to ensure that all disputants with colorble claims have access to the courthouse. Relatively low barriers to entry have, however, generated an undesirable result—a diluge of frivolous or vexatious claims filed by the uninformed, the misinformed, and the unscrupulous. These claims clog court dockets and threaten to undermine the ability of the judiciary to efficiently administer the press of cases properly before it. . . .

*Lepucki v. Van Wormer* and *Pazdur v. Blaw-Knox Foundry And Mill Machinery*, 765 F.2d 86, 87 (7th Cir.1985).

■ As this Court's explanation of the utterly frivolous nature of the present lawsuit demonstrates, the plaintiff's motivation for the initiation and prosecution of her case is perhaps described best as wanton. In fact, on the basis of the extensive record compiled to date, the Court is inclined to believe that the complaint was filed not to remedy any perceived violations of constitutional rights but instead to harass the Internal Revenue Service and its employees in the proper exercise of their responsibilities. The utterly irresponsible and vexatious nature of this action ob-ligates the Court to impose a sanction commensurate with the disruption this plaintiff has caused to the proper functioning of the judicial and executive branches of the federal government. *See Lovell v. United States*, 755 F.2d 517, 519 (7th Cir.1984) ("This Court recently warned taxpayers who put forth frivolous arguments in bad faith that we would not hesitate to impose sanctions . . ."). Accordingly, the Court will assess against the plaintiff those reasonable attorney's fees and costs expended by the defendants in their defense of the charges against them.

The Court's award is not only intended as a sanction against the present plaintiff but is also meant to place on notice other would-be litigants that vacuous tax protests such as this simply will not be countenanced. The extraordinary abuse of the judicial process demonstrated by this and other frivolous lawsuits cries out for nothing but the strongest of sanctions and the most severe disapprobation.

## CONCLUSION

For the several reasons articulated herein, the Court hereby GRANTS the defendants' motion to dismiss this action in toto, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The Court further AWARDS the defendants those reasonable costs and attorney's fees incurred in the defense of this matter, to be assessed against the plaintiff.

Counsel for the defendant is hereby INSTRUCTED to file and serve an affidavit and thorough accounting of those expenses incurred to date in the litigation of this case. Upon its receipt and review of counsel's submission, the Court will enter a

---

1. During the tumultuous fifteen months of this litigation, the plaintiff has also submitted various documents of dubious legal import seeking, among other things, the entry of default judgment against defendants Lawrence M. Phillips and Suzanne J. Collins; an investigation into the actions of personnel in the Office of the Clerk of Court, undertaken with respect to the docketing of the plaintiff's various submissions; and information with respect to certain grand jury proceedings conducted in this district. The Court has reviewed each of these admittedly innovative petitions and finds them to be as meritless as the complaint from which they purportedly spring. To the extent that any one of the plaintiff's documents seeks some affirmative form of relief, the Court denies it as utterly frivolous and wholly mooted by today's decision to dismiss the complaint in its entirety.

supplemental order, awarding the defendants those amounts it deems appropriate.