**Reginald H. HOWE, Plaintiff,**

v.

**UNITED STATES of America, Board of Governors of the Federal Reserve System, and Federal Open Market Committee, Defendants.**

**Civ. A. No. 85–4504–C.**

United States District Court,
D. Massachusetts.

April 18, 1986.

Reginald H. Howe, Boston, Mass., pro se.

Asst. U.S. Atty., Evan Slavitt, Boston, Mass., for the U.S.

MEMORANDUM

CAFFREY, Chief Judge.

This is a complaint for declaratory relief under 28 U.S.C. § 2201 in which Attorney Reginald H. Howe, acting *pro se*, seeks to challenge the constitutionality of the current monetary system of the United States. Defendants are the United States and the entities responsible for administering the monetary system, namely the Board of Governors of the Federal Reserve System, and the Federal Open Market Committee. This Court has previously allowed a motion to drop the Secretary of the Treasury as a party defendant.

The matter came before the Court on the basis of plaintiff's motion for summary judgment and on the basis of the remaining defendants' motion to dismiss the complaint. The motions have been briefed and orally argued and after hearing, I rule as follows: that the complaint should be dis-

missed on the basis of several well-established legal doctrines.

■ 1) This Court lacks subject matter jurisdiction because plaintiff lacks standing to sue. *See, Committee for Monetary Reform v. Board of Governors of the Federal Reserve System;* 766 F.2d 538, 539 (D.C. Cir.1985); *Horne v. Federal Reserve Bank of Minneapolis,* 344 F.2d 725, 727–28 (8th Cir.1965). *See also, Reuss v. Balles,* 584 F.2d 461 (D.C.Cir.), *cert. denied,* 439 U.S. 997, 99 S.Ct. 598, 58 L.Ed.2d 670 (1978).

■ 2) Plaintiff has failed to state a claim upon which relief can be granted because he seeks to attack acts of Congress, the constitutionality of which have been upheld by decisions of the Supreme Court in a number of reported opinions, such as the *Legal Tender Cases,* 79 U.S. (12 Wall.) 457, 20 L.Ed. 287 (1870); *Juilliard v. Greenman,* 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884); as well as the so-called *Gold Clause Cases, Norman V. Baltimore & Ohio R.R.,* 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885 (1935); *Nortz v. United States,* 294 U.S. 317, 55 S.Ct. 428, 79 L.Ed. 907 (1935); and *Perry v. United States,* 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912 (1935). Accordingly, I rule that the complaint herein should be dismissed.

Order accordingly.