14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John W. DEVORE, and Vinnie E. Devore, Plaintiffs, Appellants,
v.
FEDERAL SAVINGS BANK OF DOVER, NEW HAMPSHIRE, Defendant, Appellee.
 No. 93-1872.
 United States Court of Appeals,
First Circuit.
 January 3, 1994
 
 Appeal from the United States District Court for the District of Maine
 John W. Devore and Vinnie E. Devore on brief pro se.
 Edward S. MacColl and Thompson, McNaboe, Ashley & Bull on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Having reviewed the record and the parties' submissions, we find that the district court acted properly in dismissing appellants' complaint for failure to state a claim and in granting appellee's motion for summary judgment on its counterclaim. The appellants' central claim-that Federal Reserve Notes are not lawful currency and so cannot be used as legal tender for private debts-is frivolous.[1] We likewise find their subsidiary allegations to be without merit, substantially for the reasons cited by the district court.
 
 
 2
 The judgment is affirmed. Appellants' motion for stay and appellee's renewed motion for summary disposition are each denied as moot.
 
 
 
 [1]
 See, e.g., Juilliard v. Greenman, 110 U.S. 421, 448 (1884) ("Congress is authorized to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes, as regards the national government or private individuals"); Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 n. 4 (7th Cir. 1984) (per curiam) (rejecting argument that "federal reserve notes are not money"); Foret v. Wilson, 725 F.2d 254, 254-55 (5th Cir. 1984) (per curiam) (rejecting argument that "only gold and silver coin may be constituted legal tender"); United States v. Ware, 608 F.2d 400, 402-04 (10th Cir. 1979); United States v. Anderson, 584 F.2d 369, 374 (10th Cir. 1978); United States v. Schmitz, 542 F.2d 782, 785 (9th Cir. 1976), cert. denied, 429 U.S. 1105 (1977); Milam v. United States, 524 F.2d 629, 630 (9th Cir. 1974); see also Howe v. United States, 632 F. Supp. 700, 701 (D. Mass.), aff'd, 802 F.2d 440 (1st Cir. 1986) (table), cert. denied, 479 U.S. 1066 (1987)