**Scott–Darryl REESE, Plaintiff–Appellant,**

v.

**BAYVIEW ELECTRIC COMPANY, et al., Defendants–Appellees.**

No. 00–1487.

United States Court of Appeals, Sixth Circuit.

March 9, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

*ORDER*

Scott–Darryl Reese, a pro se Michigan resident, appeals a district court judgment dismissing his civil action filed pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Reese sued his employer, Bayview Electric

Company, and several of its officers contending that they inappropriately withheld federal income taxes from his salary. Reese asserted that he was not a federal employee and therefore not subject to federal tax. The district court dismissed the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

In his timely appeal, Reese asserts that the district court erred in dismissing his complaint because he raised several questions of fact as to whether the defendants had the right to deduct taxes from his salary. Further, Reese contends that as an American citizen, he is exempt from taxes.

 The district court's judgment is reviewed de novo. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

 The district court properly dismissed Reese's complaint. Reese is a citizen of the United States and lives in Michigan. His claim that he is not subject to federal taxes is frivolous. *See Martin v. Comm'r,* 756 F.2d 38, 40 (6th Cir.1985). Wages are taxable income. *See Perkins v. Comm'r,* 746 F.2d 1187, 1188 (6th Cir. 1984). Further, the withholding of income taxes from wages is not unconstitutional. *See Edgar v. Inland Steel Co.,* 744 F.2d 1276, 1278 (7th Cir.1984). An allegation that the taxpayer's employer withheld taxes from the taxpayer's wages does not state a cause of action against the employer. *Id.* Thus, Reese's arguments are meritless.

 Finally, Reese contends that the defendants violated his civil rights under § 1983. To state a claim under § 1983, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the Constitution or the laws of the United States and that the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). To be considered as acting under color of state law, the defendants' conduct must be attributable to the state. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). As the defendants are not state actors, nor was the withholding of federal taxes from Reese's salary attributable to the state, Reese did not state a cause of action under § 1983. *See Edgar,* 744 F.2d at 1278.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.