**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2017[*]
Decided May 8, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1042

| | |
|---|---|
| JOHN CHMIELEWSKI, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:16cv421 |
| TMS INTERNATIONAL, LLC, <br>     *Defendant-Appellee*. | Joseph S. Van Bokkelen, <br> *Judge*. |

**O R D E R**

John Chmielewski sued his employer, TMS International, LLC, for following IRS instructions in a "lock-in" letter to withhold taxes from his wages despite his asserted tax exemption. Chmielewski requested that his withheld funds be returned and that TMS cease withholding. The district court dismissed Chmielewski's claims because it lacked subject-matter jurisdiction over his request for injunctive relief and he had not otherwise stated a claim. The court noted that the suit was foreclosed by our ruling in *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984), in which we stated that

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

"[e]mployees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability."

On appeal Chmielewski continues to assert that he is exempt from federal income tax and says that *Edgar* was wrongly decided because the plaintiffs there were also exempt. But this is not a "compelling reason" to overturn our precedent. *United States v. Lara-Unzueta*, 735 F.3d 954, 961 (7th Cir. 2013). The judgment is AFFIRMED.

TMS moved for appellate attorney's fees and costs under Rule 38 of the Federal Rules of Appellate Procedure. Chmielewski has not responded. The district court warned him in its dismissal order that his tax-protestor arguments were frivolous, and this appeal is also frivolous. *See Edgar*, 744 F.2d at 1278 ("This lawsuit represents yet another disturbing example of a patently frivolous appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues."). TMS's motion is GRANTED, and TMS shall file its bill of fees and costs within 14 days of the date of this order.