**Jackie Vance LOWERY,
Plaintiff-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Bill Shaw,
and Clarence Jones,
Defendants-Appellees.**

No. 75–4422
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 11, 1976.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York*, 5 Cir. 1970, 431 F.2d 409, Part I.

Jackie V. Lowery, pro se.

John L. Hill, Marianne Wesson Cantrick, Attys. Gen., David M. Kendall, 1st Asst. Atty. Gen., Joe Dibrell, Asst. Atty. Gen., Chief Enforcement Div., Austin, Tex., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Jackie Vance Lowery appeals from the district court's dismissal of his civil rights complaint. Finding no error in the disposition of this case by the district court, we affirm.

Appellant had successfully sought reversals of two separate state convictions in state courts. The second of these reversals occurred on July 16, 1974. The gist of Lowery's *pro se* complaint below was that for 6½ months after the second reversal and pending a new trial, he was deprived of his constitutional rights by being detained in a Texas Department of Corrections pris-

on and by being forced to perform labor, whereas he should have been promptly returned to Dallas County for retrial.

■ The findings and conclusions of the United States Magistrate, adopted by the court below, are in relevant part as follows:

The complaint states no possible grounds for relief against either Bill Shaw or Clarence Jones. Plaintiff's return for retrial could only be pursuant to a writ issued by the court having jurisdiction of the cases. In any event, plaintiff has no right under the Constitution or laws of the United States to be held at any particular place and the fact that he was held in the Texas Department of Corrections pending retrial rather than in the Dallas County jail does not in itself state any grounds on which relief could be granted as to any of the defendants. The complaint that he was unlawfully required to perform labor must be considered separately, and if it is to be asserted can only be asserted against W. J. Estelle, Jr. and/or other officers or personnel of the Texas Department of Corrections. Neither the District Clerk nor the Sheriff have any authority or responsibility in connection with the operation of that institution. W. J. Estelle, Jr. is not a resident of the Northern District of Texas and none of the acts complained of occurred within this district. If an action is to be maintained against Mr. Estelle it must be filed by plaintiff in the United States District Court for the Southern District of Texas or in such other district which may be appropriate.

■ These findings and conclusions are not in error, and we find no abuse of discretion in the trial court's decision to dismiss the action for lack of venue. *See* 28 U.S.C. §§ 1391, 1406. If it had been "in the interest of justice," the district court should have transferred the case to a district in which it could have been brought, 28 U.S.C. § 1406(a), but because Lowery apparently faces no statute of limitations problems, as noted below, we cannot hold that the interest of justice was disserved by a mere dismissal. The district court's disposition is affirmed.

We feel constrained to note one other factor in this case, however, which apparently was not brought to the attention of the court below. In his *pro se* brief, Lowery alleges that:

Appellant filed the original complaint in the United States District Court for the Southern District of Texas. On November 3, 1975, Appellant received a small 3 by 5 inch memorandum, from [a named] United States Magistrate, notifying Appellant that his complaint must be filed in the United States District Court for the Northern District of Texas.

■ We have no means from this record for determining whether this allegation is true, but if it is, we note our agreement with the following statement from the brief of appellee Estelle:

The actions of the United States Magistrate for the Southern District of Texas, who apparently informed Plaintiff by postcard that he must file his suit in the Northern District, are not before this court for review, but were certainly in error. Not only was his advice wrong, he is probably without authority to render advice to a litigant concerning proper forum without consulting with the court, and to refuse to accept a complaint for filing because of his belief that venue is improper.

Since the dismissal of the court below as to defendant Estelle was based solely on the grounds of improper venue, that dismissal and our affirmance thereof is of course without prejudice to the filing by Lowery of his action in an appropriate district. We assume that since Lowery has at all relevant times been incarcerated, the statute of limitations will not present a problem. *See* Tex.Rev.Civ.Stat.Ann. art. 5535 (1958).

The order of the district court dismissing this action is AFFIRMED.