HAPPY MANUFACTURING COMPANY, INC., Plaintiff,

v.

SOUTHERN AIR & HYDRAULICS, INC. and Paul Weaver, Defendants.

Civ. A. No. CA–3–82–0765–D.

United States District Court, N.D. Texas, Dallas Division.

Aug. 23, 1982.

Warren H. Kintzinger, John M. O'Neill, Richardson, Tex., Robert C. Prather, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, Tex., for plaintiff.

Barry E. Coplin, Friday, Eldredge & Clark, Little Rock, Ark., Mark A. Smith, Thomas L. Cantrell, Stanley R. Moore, Schley & Cantrell, Dallas, Tex., for defendants.

## ORDER

ROBERT M. HILL, District Judge.

Following an order entered by this Court on July 27, 1982, dismissing this action without prejudice for lack of venue, plaintiff Happy Manufacturing Co. (Happy) has filed motions for a new trial and to alter and amend judgment, pursuant to Fed.R. Civ.P. 59. Plaintiff presents essentially three arguments in support of its motions. First, it argues that defendant Southern Air & Hydraulics, Inc. (Southern Air) was doing business in the State of Texas and that consequently it should be subject to suit in the Northern District of Texas. Second, it contends that Southern Air waived its venue claim by its conduct in the suit, thus requiring the Court to reinstate the action. Third, it argues in the alternative that, even if this action is not reinstated, it should be transferred to the Eastern District of Texas rather than dismissed.

Because the Court rejects each of these arguments, the motions should be denied.

Briefly reviewing the relevant facts to these latest motions, Happy has alleged that Southern Air and Paul Weaver (Weaver) breached a confidential and fiduciary relationship between the parties growing out of Happy's employment of Southern Air and Weaver to build a prototype hydraulic power unit for a surface well pumping unit which Happy designed. Happy charges that the defendants violated the Lanham Trade-Mark Act, 15 U.S.C. §§ 1051 et seq., by developing their own pumping unit based on the confidential information furnished by Happy. Happy is a Texas corporation with its principal place of business in Carthage, Panola County, Texas, which is in the Eastern District of Texas. Southern Air is an Arkansas corporation with its principal place of business in Arkansas; and Weaver is the president of Southern Air and a resident of Arkansas. Jurisdiction in the case is predicated on diversity of citizenship of the parties under 28 U.S.C. § 1332, on the Lanham Act under 15 U.S.C. § 1121, and under 28 U.S.C. § 2201 providing for declaratory judgments. All negotiations relating to the transaction at issue occurred in Panola County and Burleson County, Texas, which latter county is in the Western District of Texas, or in Stuttgart, Arkansas, which is in the Eastern District of Arkansas.

Happy filed its complaint on May 17, 1982, in the Northern District of Texas. Seven days later, it filed notices of intent to take oral deposition on June 22 of three defense witnesses. On June 22, defendants filed their objection to the depositions. Following an order granting defendants extended time to plead, defendants filed a motion to dismiss or transfer for lack of venue on July 14, and on the same day filed their original answer and counterclaims. In their counterclaims, defendants explicitly stated that the claims were being presented "[c]ontingent upon the correctness of venue of the Plaintiff's Original Complaint." Defendant's Original Answer and Counterclaims at 17. On July 22, this Court held a hearing on defendants' venue objections, and it issued an order dismissing this action on that ground on July 27.

### A. Doing Business in the State

Happy first contends now that venue in the Northern District of Texas is proper as to Southern Air, because Southern Air has done business elsewhere in Texas. For support Happy relies, in effect, upon 28 U.S.C. §§ 1391(c) and 1392(a), which are set forth in the case Happy cites, *Philadelphia Housing Authority v. American Radiator and Standard Sanitary Corp.,* 291 F.Supp. 252 (E.D.Pa.1968).

Title 28 U.S.C. § 1391(b), the provision under which this Court already found that venue is lacking here, provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside or in which the claim arose, except as otherwise provided by law.

Title 28 U.S.C. § 1391(c) provides:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Title 28 U.S.C. § 1392(a) provides:

Any civil action, not of a local nature, against defendants residing in different districts in the same state, may be brought in any of such districts.

Plaintiff appears to argue that Southern Air does business in judicial districts in Texas other than this district and that consequently, under § 1392(a) venue is proper as to Southern Air in this district. Happy's position represents a clear misreading of § 1392(a). The statute explicitly applies to actions where there are multiple defendants "residing in different districts in the same state," and provides that the action may be brought in any of those districts. Southern Air does not do business in the Northern District of Texas, nor does this action involve multiple defendants re-

siding in different districts in Texas. This first contention is without merit.

### B.  *Waiver of the Venue Defense*

■ Happy's second argument is that defendants waived their defense of improper venue. Happy's offers three possible grounds upon which the waiver was accomplished. These are that defendants waived their defense by (1) the filing of a counterclaim; (2) the filing of objections to deposition notices prior to their filing of a motion to dismiss for improper venue; and (3) general participation in the suit. Each of these points appear to rest on the general notion that where a party invokes the aid of a court it becomes subject to that court's jurisdiction. The question is whether any of these grounds comport with the rules concerning waiver of the venue defense in the Federal Rules of Civil Procedure.

Fed.R.Civ.P. 12(h)(1) described the means by which a defense of improper venue is waived. That rule states that a venue defense is waived (a) if it is omitted from a motion filed prior to pleading which raises any of the Rule 12(b) defenses, or (b) if no such motion is made, if it is not raised in a responsive pleading or an amendment as of right to that pleading. It may thus be noted at the outset that none of Happy's objections state a basis for waiver for which the Rules explicitly provide.

As to the filing of a counterclaim by the defendant, reference to Fed.R.Civ.P. 12(b) may be helpful. That rule, which states in part the manner by which Rule 12(b) defenses such as improper venue are raised, provides:

> "Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto, if one is required, except that the following defenses may at the option of the pleader be made by motion ... (3) improper venue .... A motion making any of these defenses shall be made before pleading if a further pleading is permitted. *No defense or objection is waived by being joined with one or more other defenses or objections in a respon-sive pleading or motion.*" (emphasis added).

When defendants made their appearance in this action, they filed both a motion to dismiss for improper venue and at the same time a responsive pleading containing that defense as well as a counterclaim included pursuant to Fed.R.Civ.P. 13. Not only is there nothing in Rules 12(h) or 12(b) which suggests that a venue defense is waived by filing a counterclaim, but the language in Rule 12(b) appears to implicitly authorize a defendant to join its defenses with its counterclaims, without waiving those defenses.

Moreover, the policies behind Rule 12(b) strongly support the conclusion that a defendant does not waive a venue defense by simultaneously filing a counterclaim. On this subject, this Court finds particularly illuminating the opinion of the Third Circuit in *Neifeld v. Steinberg,* 438 F.2d 423 (3d Cir.1971), where the court stated:

> The purpose behind Rule 12(b) is to avoid the delay occasioned by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by "special appearance." 5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1362, at 647–48 (1969). Judge Maris clearly articulated the changes which Rule 12(b) made in his seminal opinion in *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871 (3d Cir.) cert. denied, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944): "Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in." *Id.* at 874.

If we were to find a waiver in a case, such as the instant one, we would, in effect, be requiring a defendant to make what amounts to a "special appearance" for we would be requiring him to raise his jurisdictional defenses before answering to the merits.

438 F.2d at 429.

The counter-argument that defendants should be treated as having waived their venue defense because, by making counterclaims in their answer, they have themselves sought the aid of this court, see *Rubens v. Ellis,* 202 F.2d 415 (5th Cir.1953), seems particularly inappropriate in light of the particular facts of this case. Here, defendants explicitly made their counterclaims contingent on the correctness of plaintiff's statement of venue in its complaint. Especially where the counterclaims were thus conditionally made, defendants cannot be held to have invoked this court's jurisdiction. *See Knapp-Monarch Co. v. Dominion Electric Corp.,* 365 F.2d 175, 177 (7th Cir.1966).

This same reasoning applies equally to the other grounds for waiver cited by Happy. Neither the filing of objections to notices of deposition prior to the filing of the motion to dismiss for improper venue, nor any other participation in the suit by defendants subsequent to the filing of that motion, constitutes a basis for finding a waiver of the venue defense.

### C. *Request to Transfer*

■ Finally, Happy asks that this Court to transfer this action to the Eastern District of Texas rather than dismiss it. The relief is sought under 28 U.S.C. § 1406(a), which provides:

The district court of a division in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This is of course the same provision pursuant to which this Court once before decided, following an evidentiary hearing, to dismiss this action rather than transfer it, either to the Eastern District of Texas as requested by plaintiff, or to the Eastern District of Arkansas, as requested by defendants. *See Happy Manufacturing Co. v. Southern Air & Hydraulics, Inc.,* Ca–3–82–0765–D (N.D. Tex. July 27, 1982). In its Order of July 27, the Court stated as follows: "Happy made no attempt at the evidentiary hearing, nor in its brief in opposition to the motion now at issue, to articulate a reason why it would work a hardship on it if this action were dismissed instead of transferred .... Under these circumstances, it would be appropriate to dismiss this action for lack of venue in this district since the interest of justice would not be disserved. *Lowery v. Estelle,* 533 F.2d 265, 267 (5th Cir.1976)." *Id.* at 3.

Happy does little better in its post-trial motion and brief. It states essentially two reasons why this Court should transfer the action rather than dismiss it. First, Happy claims that defendants filed a lawsuit against Happy in Arkansas for a declaratory judgment while this action was still pending, and that dismissal of this action thus gives defendants an "unfair advantage," and also deprives Happy of the opportunity to select the district in which to refile its action.[1] Second, Happy claims that it faces the risk of waiver of any venue objections it might make in Arkansas.

As to Happy's first argument, Happy remains free to refile its suit in the district of its choice. Moreover, even if Happy were in fact deprived of an opportunity to select a forum, Happy has failed to explain how it would be prejudiced thereby. It is not the role of this Court to conjure up plausible prejudices in the aid of a party's argument. Secondly, Happy simply does not waive any future venue objections in a related lawsuit by virtue of having had this action dismissed for improper venue. *See* Fed.R.

---

1. Although Happy stated each part of this reason as separate points, the Court has treated them in tandem because of the vagueness of the first part—"unfair advantage." The Court assumes that the only unfairness asserted by Happy is the claimed loss of an opportunity to select a forum.

Civ.P. 12(h). Since no reasons have been given to substantiate Happy's view that it would be more in the interests of justice to transfer the case than to dismiss it without prejudice, its motion to transfer the case should be denied. *See Lowery, supra; Nizami v. Woods*, 263 F.Supp. 124, 125 (S.D.N.Y.1967).

It is so ORDERED.