Michael A. RICHCREEK

v.

George GRECU, et al.

Nos. IP 84–710–C, IP 84–779–C and IP 84–1686–C.

United States District Court, S.D. Indiana, Indianapolis Division.

June 17, 1985.

Michael A. Richcreek, pro se.

Peter Sklarew, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Charles Goodloe, Asst. U.S. Atty., Indianapolis, Ind., for federal defendants.

Richard M. Knoth of Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for non-federal defendants.

STECKLER, District Judge.

This matter is before the Court on defendants' motions to dismiss and motions for costs and attorney fees in these three related cases. Defendants also have moved for a permanent injunction in Cause No. IP 84–1686–C. Plaintiff has failed to respond.

■ The Court first notes that plaintiff has filed an appeal of the Court's order granting a preliminary injunction in Cause No. IP 84–1686–C. However, the interlocutory appeal does not deprive this Court of jurisdiction and therefore, the Court can rule on defendants' pending motions. *Thomas v. Board of Ed., Granville Cent. Sch. Dist.*, 607 F.2d 1043, 1047 n. 7 (2d Cir.1979), *cert. denied*, 444 U.S. 1081, 100 S.Ct. 1034, 62 L.Ed.2d 765 (1980); *United States v. City of Chicago*, 534 F.2d 708, 711 (7th Cir.1976).

Plaintiff has filed four very similar lawsuits. In IP 84–710–C plaintiff is suing two Delco payroll administrators for withholding federal and state income taxes and Social Security taxes from plaintiff's wages. Cause Number IP 84–779–C is against the same Delco employees and adds Internal Revenue Service (IRS) employees as defendants. Plaintiff challenges the tax assessment and levy made against plaintiff by the IRS. In IP 84–1187–C plaintiff named the same defendants and repeated many of the same allegations but added the attorneys who had appeared in the other case, including government attorneys, and added the Honorable James E. Noland. On August 20, 1984, the Honorable Sarah Evans Barker dismissed that cause (IP 84–1187–C) *sua sponte*. She also called plaintiff's attention to Rule 11 and the possibility of sanctions if plaintiff filed another frivolous suit.

On December 26, 1984, plaintiff filed IP 84–1686–C against many of the same defendants and added Magistrate Endsley and Judge Barker as defendants. Judge

Noland was not named. In this complaint plaintiff states he is suing defendants in their private capacities for violating his constitutional rights and invokes 18 U.S.C. § 242 and 42 U.S.C. § 1983. He alleges that defendants have conspired to deprive him of his constitutional rights, including his right to a jury trial, by entering appearances, moving to dismiss the actions, and, as to Magistrate Endsley and Judge Barker, by ruling against plaintiff. He also accuses Judge Barker of sedition and treason, alleging that she has violated her oath of office. Plaintiff seeks damages of $5,314,510.12 from each defendant.

On March 1, 1985, after a hearing at which plaintiff failed to appear, the Court granted defendants' motion for a preliminary injunction. Plaintiff is currently enjoined from seeking, without prior leave of Court, the intervention of any court in any proceeding, either directly or indirectly, against any persons, including the judge and court personnel, who have or are participating in this lawsuit.

## I. Cause Numbers IP 84–710–C and IP 84–779–C.

### a. Nonfederal defendants.

Plaintiff is suing defendants Grecu and Blakesley for withholding federal income tax, FICA tax, and Indiana state income tax from plaintiff's salary and is suing these same two defendants plus defendant Keller for withholding monies pursuant to a Notice of Levy from the Internal Revenue Service. Plaintiff contends that he has been deprived of his property without due process of law. He alleges that the Internal Revenue Code is not law and that the IRS has no authority to levy against his wages because he is exempt from 26 U.S.C. §§ 3401(c) and 6331(a).

Having considered the nonfederal defendants' motions in these two actions, the Court finds that plaintiff's arguments are frivolous and without any legal basis and that defendants' motions should be granted.

Plaintiff attempts to bring these causes under 18 U.S.C. § 241 and 242 and 42 U.S.C. § 1983. In IP 84–779–C he also has asserted that all defendants have violated 42 U.S.C. § 1985. Neither 18 U.S.C. § 241 nor 242 create a civil cause of action. *Ivey v. Bodfish*, 54 A.F.T.R.2d 84–5709 (N.D.Ind.1984); *United States v. City of Philadelphia*, 482 F.Supp. 1248, 1260–61 (E.D.Pa.1979), *aff'd*, 644 F.2d 187 (1980). Thus, plaintiff cannot state a cognizable claim under these statutes. Nor can plaintiff state a claim under 42 U.S.C. § 1985(3). To state a claim under § 1985(3) a plaintiff must allege some racial or class based animus on the part of defendants, and plaintiff has failed to do so. *See Askew v. Bloemker*, 548 F.2d 673, 678 (7th Cir.1976).

Section 1983 applies only to actions taken under color of state law; it does not govern federal tax collection procedures. *See Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir.1984); *Stonecipher v. Bray*, 653 F.2d 398, 401, 403 (9th Cir.1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). Therefore, the nonfederal defendants cannot be liable under § 1983 unless they were acting under color of state law regarding state income tax. The Court need not address that issue, however, because the nonfederal defendants are exempt from liability to a taxpayer under both state and federal tax laws.

Congress has the power, under the Sixteenth Amendment, to collect income taxes. *Baird v. C.I.R.*, 256 F.2d 918 (7th Cir.1958), *aff'd*, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959). The constitutionality of the Social Security tax is also well established. *Steward Machine Company v. Davis*, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937); *Helvering v. Davis*, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937). The power to impose these taxes also includes prescribing the time and manner of how the taxes are to be collected and paid. *Jacobs v. Gromatsky*, 494 F.2d 513 (5th Cir.), *cert. denied*, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974).

■ Congress established the withholding procedures for collection of federal income tax in 26 U.S.C. § 3402. Section 3402(a) requires that "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with the tables prescribed by the secretary." Under 26 U.S.C. § 3102(a), employers are required to withhold FICA tax also. Employers are not liable to the taxpayer for any amounts withheld. 26 U.S.C. § 3403. Thus, the actions of the defendants in withholding the plaintiff's federal taxes were lawful and in accordance with congressional mandate. Similarly, 26 U.S.C. § 6331 authorizes the collection of any person's tax liability by levy on all property, and 26 U.S.C. § 6332 relieves any one honoring the levy from liability to the taxpayer. Therefore, the nonfederal defendants are not liable to plaintiff for honoring the IRS Notice of Levy.

■ Indiana law also requires employers to withhold state income tax from employees' wages and exempts employers from any liability for doing so. Ind.Code § 6–3–4–8. Plaintiff has not set forth any specific facts from which the Court could even infer that this statute violates either the State or Federal Constitution. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352 n. 18, 97 S.Ct. 619, 628 n. 18, 50 L.Ed.2d 530 (1977). Therefore, this claim must also be dismissed.

#### b. Federal defendants.

Plaintiff has named numerous employees of the IRS as defendants in Cause Number IP 84–779–C. He alleges that they failed to advise him of his collection rights, committed mail fraud, violated his rights to due process, equal protection, and a jury trial, used administrative processes to develop a criminal case against him, and violated 42 U.S.C. § 1983. However, a review of the complaint and attached exhibits reveals that plaintiff's real basis for the action is his contention that wages are not subject to federal income tax and that the IRS has erroneously assessed and collected a penalty from him for filing false W–4 statements. Therefore, the Court will not address the numerous allegations plaintiff has made.

■ Although plaintiff has named numerous IRS employees as defendants in their individual capacity, he has not alleged any facts from which the Court can infer that any of the federal defendants acted outside the scope of his or her official duties. It is also clear that any relief granted would expend itself on the public treasury or interfere with the public administration of the tax system. Therefore, the action is really against the United States. *See Clark v. United States*, 691 F.2d 837, 839–40 (7th Cir.1982); *Richey v. Stewart, et al.*, 54 A.F.T.R.2d 84–5239 (S.D.Ind.1984).

■ It is well established that the United States may be sued only if it has consented to such suit by statute. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Clark*, 691 F.2d at 839. Although sovereign immunity has been waived under 28 U.S.C. § 1346(a)(1), in order to allow a taxpayer to contest any internal revenue tax alleged to have been erroneously assessed or collected, the taxpayer must first have filed a claim for refund with the Secretary. 26 U.S.C. § 7422(a) Plaintiff has not alleged the filing of any such claim. Noncompliance with the statutory prerequisite deprives the Court of jurisdiction. *Hampton v. United States*, 206 Cl.Ct. 422, 513 F.2d 1234 (Ct. Cl.), *cert. denied*, 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975).

■ Plaintiff may not bring his claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 either, because he has not alleged filing an administrative claim. *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir.1972). Additionally, this Act does not apply to claims relating to the assessment or collection of any tax. 28 U.S.C. § 2680(c).

None of the other statutes plaintiff has cited waive the government's sovereign immunity. Nor has plaintiff alleged any specific facts from which the Court can infer

any constitutional violations. Therefore, plaintiff's claims against the federal defendants should be dismissed.

### IP 84–1686–C

 This cause of action names some of the same defendants in the prior actions and adds the attorneys appearing for the defendants in the other causes of action. Plaintiff alleges that these defendants, along with Judge Barker and Magistrate Endsley, are conspiring to deprive him of his constitutional rights. Apparently he believes they have deprived him of his right to a jury trial and access to the Court by entering appearances and, as to Judge Barker, by dismissing Cause Number IP 84–1187–C. None of the statutes that plaintiff has cited are applicable and on its face, plaintiff's complaint fails to state a claim.

 Plaintiff has not alleged any facts which would support a claim for constitutional violations. Plaintiff's one specific allegation that he was deprived of his right to a jury trial is insufficient to state a cause of action. The granting of a motion to dismiss or motion for summary judgment does not violate the Seventh Amendment right to a jury trial. *Itel Capitol Corp. v. Cups Coal Co., Inc.*, 707 F.2d 1253 (11th Cir.1983); *United States v. Stangland*, 242 F.2d 843 (7th Cir.1957). Therefore, defendants' motions to dismiss should be granted. This ruling makes plaintiff's Notice and Demand by Plaintiff for Grand Jury and Common Law Jury moot. Plaintiff's motion for default is DENIED.

### Motion for Permanent Injunction

All defendants have requested a permanent injunction enjoining plaintiff from filing, without leave of court, any suit or legal proceeding against any persons concerning their administration or enforcement of the Internal Revenue laws or against any persons concerning their participation in any legal proceedings filed by plaintiff. Defendants contend that dismissal of these actions and assessment of sanctions is an inadequate remedy because plaintiff can file additional lawsuits. Defendants also point to the drain on government and judicial resources that frivolous, vexatious lawsuits create and the harassment of individual defendants such lawsuits cause.

 The Court agrees with defendants. It is well established that a court can enjoin a person from filing frivolous and vexatious lawsuits. *Pavilonis v. King*, 626 F.2d 1075, 1078 n. 7 (1st Cir.1980), *cert. denied*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *Lacks v. Fahmi*, 623 F.2d 254, 257 (2d Cir.1980); *Gordon v. United States Dept. of Justice*, 558 F.2d 618 (1st Cir.1977); *Quimby v. Porter*, 79–1 U.S.T.C. ¶ 9317 (N.D.Tex.1978). Plaintiff's history of filing frivolous lawsuits against his employer and its agents, against the IRS and its employees and agents, and against any other persons who happen to act contrary to plaintiff's wishes, including suits against judicial officers and federal judges, justifies the issuance of a permanent injunction.

Plaintiff's repetitive vexatious filings are a drain on the public treasury and the Court's time, and deprives legitimate litigants of the speedy disposition of their cases. Plaintiff's rambling pleadings charge defendants with treason and sedition and other criminal offenses. However, when given the opportunity to appear in court and argue his case, plaintiff failed to appear. It is obvious that plaintiff's purpose in filing these suits is to harass his employer, the IRS, and the judicial system. Therefore, defendants' motion for a permanent injunction is GRANTED.

### Motion for Sanctions

 All defendants also have moved for sanctions including costs and attorney fees. An award of attorney fees is appropriate when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622–23, 44 L.Ed.2d 141 (1975). Sanctions, including attorney fees, are allowed under Fed.R.Civ.P. 11 for

pleadings not grounded in fact and warranted by law and that are brought to harass others. Plaintiff's repetitive filing of frivolous lawsuits falls within these categories.

Plaintiff's arguments regarding the Internal Revenue laws and his exemption from them are clearly without merit and contrary to existing case law. Recently the Court of Appeals for the Seventh Circuit has approved the imposition of fees on persons filing meritless claims in order to protest the tax laws and has warned litigants about pursuing these claims. *Edgar v. Inland Steel Co.*, 744 F.2d at 1278; *Granzow v. Commission*, 739 F.2d 265, 269–70 (7th Cir.1984). Judge Barker also warned plaintiff that sanctions would be imposed if he continued to file frivolous lawsuits. An award of attorney fees is justified.

By reason of the foregoing IT IS ORDERED that plaintiff's motion for default in IP 84–1686 is DENIED and defendants' motions to dismiss IP 84–710–C, IP 84–779–C, and IP 84–1686–C are GRANTED. Plaintiff's actions are DISMISSED.

IT IS ORDERED that defendants be awarded reasonable attorney fees and the costs of all three actions. Defendants should submit a bill of costs and an affidavit on attorney fees within ten (10) days from the date of this order.

IT IS FURTHER ORDERED that defendants' motion for a permanent injunction is GRANTED.

### Permanent Injunction

IT IS THEREFORE ORDERED that Michael A. Richcreek is permanently enjoined from seeking, without specific prior leave of this Court, the intervention of any court, federal or state, in any proceeding directly or indirectly against Delco Electronics or its employees, or the United States of America, or the Internal Revenue Service, or any of its officers or employees, the effect or purpose of which is to launch a general attack on the investigation, assessment, or collection of federal income taxes by the Internal Revenue Service, its agents or employees, based on claims of alleged unconstitutionality of the tax laws or which in any manner seeks declaratory or injunctive relief with regard to the assessment or collection of federal or state income taxes. Lawsuits and other legal proceedings barred by this injunction specifically include any where a material allegation or necessary premise is that the Internal Revenue Code, or any part of it, violates the United States Constitution, or that the actions complained of are performed by an officer or employee of the Internal Revenue Service, by a federal or private attorney, by a member of the Tax Division of the Justice Department, by a United States Marshal, by a Federal Judge, or other judicial officer, or by Delco Electronics or its agents and employees. This injunction also includes any lawsuits or other legal proceedings against the attorneys who have appeared or may appear on behalf of defendants in these causes or any others brought by Michael A. Richcreek, and any against the undersigned judge or any other officer or employee of this Court, or against the United States Marshal or Deputy, involving any aspect of the participation of such persons in Court-related matters.

IT IS FURTHER ORDERED that this permanent injunction shall remain in effect until lifted by order of this Court or until the end of five (5) years.

IT IS FURTHER ORDERED that if Michael A. Richcreek submits to the Clerk of this Court any document prohibited by this injunction while the same remains in effect, or any document which the Clerk believes may possibly be prohibited by this injunction, the Clerk is directed to refer forthwith such document to a Judge of this Court for a determination as to whether a violation of this injunction has occurred and for such further proceedings as may then appear just and necessary, including dismissal of any action brought or denial of any motion made *sua sponte* and issuance of an order directing Michael A. Richcreek, or any person acting in participation or concert with him, to show cause why they should not be held in contempt of court. If any document violative of this injunction is inad-

vertently accepted by the Clerk and a summons to the defendant(s) issued, such defendant(s) may also call to the Court's attention the possibility of a violation of this injunction, for such further proceedings as may appear just and necessary, including dismissal or denial *sua sponte* and contempt proceedings.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to certify a copy of this order and cause the same to be personally served by the United States Marshal upon the plaintiff, Michael A. Richcreek.