**Riley H. WISE, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, and Authorized Agent, Roger Steele, K. Hamilton, Mr. Child, Susan Shoemaker, Ocean Technology Ltd., Hewitt V. Lounsbury and Associates, Defendants.**

**No. CV 85–60–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

Jan. 9, 1986.

---

Riley H. Wise, pro se.

Birgitta Anderson, William L. Madden, Jr., Goetz, Madden & Dunn, Bozeman, Mont., for defendants Ocean Tech & Hewitt V. Lounsbury.

Michael Lichtenberg, Dept. of Justice, Trial Atty. Tax Div., Washington, D.C., for U.S. & all federal defendants.

Robert Brooks, Asst. U.S. Atty., Butte, Mont., for all federal defendants.

## OPINION AND ORDER

LOVELL, District Judge.

Plaintiff filed this action pro se seeking declaratory and injunctive relief and "sanctions" against the United States in the amount of $20,000.00. Plaintiff's complaint is based upon the disallowance by the Internal Revenue Service (IRS) of plaintiff's Form W–4, claiming exemption from the withholding requirements of the Internal Revenue Code, 26 U.S.C. § 3402. Named as defendants, in addition to the Commissioner of Internal Revenue, are several employees of the IRS and plaintiff's former employers, Ocean Technology, Ltd., (Ocean Tech) and Hewitt V. Lounsbury and Associates (Lounsbury). Plaintiff's claims against Ocean Tech and Lounsbury are based upon their withholding of federal income taxes from plaintiff's wages in compliance with the directives of the IRS despite plaintiff's claimed exemption therefrom. All defendants have moved to dismiss.

### 1. *Federal defendants*

Pursuant to Rule 12(b)(5), Fed.R.Civ.P., the United States has filed a motion to dismiss on behalf of the Commissioner and all defendant-employees of the IRS. In support of its motion the United States contends (1) that no individual federal defendant was properly served with process, (2) that the United States was never served with process, and (3) that venue is improper in the District of Montana. In response, plaintiff claims that service was properly made on all federal defendants by mail in accordance with Rule 4(c)(2)(C)(ii), Fed.R.Civ.P.

Rule 4(c) allows service by mail only upon individuals, corporations and partnerships as provided by Rule 4(d)(1) and (3). Rule 4(d)(5) provides that service upon an officer or agency of the United States shall be made by serving the United States and by sending a copy to the officer or agency named in the suit. Service upon the United States is to be made by delivering a copy of the summons and complaint to the United States Attorney or Assistant United States Attorney in the district where the action is brought *and* by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States. Rule 4(d)(4), Fed.R. Civ.P. Thus, to properly have served the individual federal defendants, plaintiff would have had to (1) deliver a copy of the summons and complaint to the United States Attorney for the District of Montana, (2) mail a copy of the same to each named individual defendant, and (3) send by registered or certified mail a copy of the same to the United States Attorney General in Washington, D.C. Neither the Attorney General nor the United States Attorney for this district has received a copy of the summons and complaint.

Plaintiff claims that he has not sued the United States but only its agents, and that all federal defendants were named in their individual capacities. It is clear from the language of the complaint, however, that plaintiff seeks injunctive relief and monetary relief from the United States, that he has named the head of a federal agency strictly in that capacity, and that the actions which form the basis of the claims against the individual federal defendants were taken in the performance of their official duties. Plaintiff has alleged no facts showing that any of the federal defendants acted outside the scope of their duties. "It is also clear that any relief granted would expend itself on the public treasury or interfere with the public administration of the tax system. Therefore, the action is really against the United States." *Richcreek v. Grecu*, 612 F.Supp. 111, 115 (N.D.Ill.1985). As such, there can be no question that the federal defendants are being sued in their official capacity and thus that the provisions of Rule 4(d)(5) are applicable to them. *See, Cameron v. I.R.S.*, 593 F.Supp. 1540 (N.D.Ind.1984); *Ross v. United States*, 574 F.Supp. 536 (S.D.N.Y.1983); *Lawrence v. Acree*, 79 F.R.D. 669 (D.D.C.1978).

Even if plaintiff is suing the federal defendants individually as well as officially, service was still improper under Rule 4(c)(2)(C)(ii). That rule requires that two copies of a notice and acknowledgment form and a return envelope be mailed with a copy of the summons and complaint. If no acknowledgment is received by the sender within twenty days after the date of mailing, service must be made in accordance with the other provisions of Rule 4. Moreover, Rule 4(c)(2)(E) requires that the notice and acknowledgment of receipt of the summons and complaint be executed under oath or affirmation.

In this case, service was purportedly made by sending a copy of the summons and complaint by certified mail to the place of employment of each individual federal defendant. Copies of the return receipts, attached to plaintiff's brief, show that an agent in each office signed or initialed the respective receipts. There is nothing, however, to show that the individuals who received the documents did so under authority to accept service on behalf of the defendants, nor is there any indication that an acknowledgment of service was either sent or returned. Under Rule 4(c)(2)(C)(ii), there is no valid service where an acknowledgment form is never signed and returned. *Stranahan Gear Co. v. NL Industries, Inc.*, 102 F.R.D. 250 (E.D.Pa. 1984).

Since no valid service was effected upon either the United States or the individual federal defendants, those defendants are not properly before the Court. The fact that the defendants may have been aware that an action had been filed and that they were named as defendants is not a substitute for service on them. *Morrissey v. Curran*, 482 F.Supp. 31 (S.D.N.Y. 1979), aff'd in part, rev'd in part 650 F.2d 1267. Failure to effect service normally will result in service being quashed without the action being dismissed, but where venue is also improper the action will be dismissed. *Bacino v. American Federation of Musicians*, 407 F.Supp. 548 (N.D.Ill. 1976).

Venue is improper in this case under 28 U.S.C. § 1391(b), which provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose...." Since plaintiff's action is based upon the alleged deprivation of constitutional rights in violation of federal law, jurisdiction is not founded on diversity. Only one defendant in this action is a Montana resident. Therefore, plaintiff's suit could have been brought *only* in the District of Alaska, where all the events on which plaintiff's claim is based occurred. Plaintiff will not be prejudiced by dismissal of the federal defendants for improper venue, since there does not appear to be a limitations problem. *See, Lowery v. Estelle*, 533 F.2d 265 (5th Cir.1976).

### 2. *Non-federal defendants*

Ocean Tech and Lounsbury have moved for dismissal on two grounds. They first claim that this Court has no jurisdiction over them under the long-arm statute of the State of Montana. Second, under Rule 12(b)(6), Fed.R.Civ.P., they assert that plaintiff has failed to state a claim against them for which relief can be granted. Both Ocean Tech and Lounsbury have also moved for an award of costs and attorneys' fees against plaintiff.

For a federal district court to entertain personal jurisdiction over a defendant, two tests must be satisfied. First, the court must apply the long-arm statute of the state in which it sits. *Paccar International, Inc., v. Commercial Bank of Kuwait,* 757 F.2d 1058 (9th Cir.1985). Second, the court must find that application of the statute is consistent with due process. *Taubler v. Giraud,* 655 F.2d 991 (9th Cir.1981).

■ Under Montana's long-arm statute, Rule 4B, M.R.Civ.P., a defendant must do some act by which it subjects itself to jurisdiction in this state. The uncontested affidavits of the presidents of Ocean Tech and Lounsbury show without doubt that neither defendant has transacted any business within Montana, has committed any act resulting in accrual of a tort action in Montana, owns or possesses any property in Montana, or has entered into any contracts within or relating to Montana. Plaintiff was hired by Ocean Tech and Lounsbury in Alaska, and none of his employment activities involved the state of Montana in any way. Thus, it is clear that Ocean Tech and Lounsbury cannot be brought under the Montana long-arm statute to be subjected to federal jurisdiction in the District of Montana. In addition, exercise of jurisdiction over them would conflict with due process and traditional notions of fair play and substantial justice.[*]

Even if this Court were to find Ocean Tech and Lounsbury subject to jurisdiction within the District of Montana, dismissal of these defendants would still be the ultimate result. Under no interpretation of the allegations contained in plaintiff's complaint can plaintiff prove a set of facts entitling him to relief against Ocean Tech or Lounsbury.

■ Plaintiff's claims against the non-federal defendants are apparently brought under 42 U.S.C. §§ 1983 and 1985, asserting violation, under color of state law, of plaintiff's civil and other constitutional rights. Plaintiff also claims that Ocean Tech and Lounsbury acted in contravention of 26 U.S.C. § 3402(n), under which an employer is not required to make withholding deductions where the employee has furnished an appropriate withholding exemption certificate, commonly known as a Form W–4. Plaintiff asserts that the defendants conspired to classify him as a "tax protester" and that they wrongfully withheld taxes from his wages in disregard of his Form W–4.

Pursuant to 25 C.F.R. 31–3403(f)–2(1)(g), Ocean Tech and Lounsbury submitted a copy of plaintiff's withholding exemption certificate to the IRS. Upon receipt of written notice from the IRS that plaintiff's certificate was defective and should be disregarded, Ocean Tech and Lounsbury began withholding taxes from plaintiff's wages in accordance with the directives of the IRS. Plaintiff does not claim that the non-federal defendants violated any of the procedures required by the IRS regulations, 25 C.F.R. 31.3402(f) et seq., but only that they did not honor his withholding exemption certificate.

The Internal Revenue Code expressly provides that the employer must pay the taxes required by law to be deducted and withheld, and that the employer is *not liable to any person* for the amount of any such payment. 26 U.S.C. § 3403. Therefore, an employee has no cause of action against his employer to recover wages withheld and paid to the government in satisfaction of federal income tax liability. *Edgar v. Inland Steel Co.,* 744 F.2d 1276

---

[*] For a thorough discussion of in personam jurisdiction and the Ninth Circuit's underlying tests, see *First National Montana Bank v. Federal Leasing, Inc.,* 618 F.Supp. 491 (D.Mont.1985).

(7th Cir.1984); *Stonecipher v. Bray*, 653 F.2d 398 (9th Cir.1981), cert. den. 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297; *McFarland v. Bechtel Petroleum, Inc.*, 586 F.Supp. 907 (N.D.Cal.1984).

■ "Even assuming that [§ 3403] does not bar plaintiff['s] action, which it does, [plaintiff] cannot recover under 42 U.S.C. § 1983." *Edgar, supra*, at 1278. Section 1983 protects against deprivation of constitutional rights by persons acting under color of state law. Any actions taken by the defendants in compliance with the instructions of the IRS were done under color of *federal* law, and thus are not actionable under Section 1983. *Id., Stonecipher, supra*, at 403.

■ Plaintiff cannot state a claim under 42 U.S.C. § 1985 for the reason that Section 1985 is intended to protect against racial or other invidious class-based discrimination, of which there is no allegation here.

Plaintiff would be well-advised to read *Stonecipher v. Bray, supra*, 653 F.2d 398, which this Court is bound to follow, and *McFarland v. Bechtel Petroleum, Inc., supra*, 586 F.Supp. 907. Both cases discuss plaintiff's contentions thoroughly.

■ Ocean Tech and Lounsbury have requested the Court to award them nearly $6,000.00 in attorneys' fees, citing authority for such fees in similar actions.

The American rule concerning attorneys' fees is that fees generally are not awarded absent statutory authorization. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 269, 95 S.Ct. 1612, 1617, 44 L.Ed.2d 141 (1975). There is an exception, however, where a frivolous action is filed in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.*, at 258–59, 95 S.Ct. at 1622. Award of fees under this exception is discretionary. *Id., American Employers Ins. Co. v. American Sec. Bank*, 747 F.2d 1493, 1502–03 (D.C.Cir. 1984).

Under clearly-established principles of law, plaintiff's claims against Ocean Tech and Lounsbury are meritless. The slight-est amount of research on plaintiff's part would have disclosed the lack of foundation for his claim and demonstrated the futility of filing this action against his employers. Plaintiff is acting pro se, however that does not excuse him from researching the law. Defendants rely on cases involving only slightly more egregious factual situations than the one present here. *Lonsdale v. Smelser*, 709 F.2d 910 (5th Cir.1983) (fees awarded after plaintiff brought action following dismissal of similar action as frivolous); *McFarland v. Bechtel Petroleum, Inc., supra* (profusion of lawsuits directed against a single employer); *see also Richcreek v. Grecu, supra*, 612 F.Supp. at 115 (repetitive filing of frivolous lawsuits).

I find this to be within the *American Employers* rule, and attorneys' fees will be awarded.

Where the award of fees is discretionary, how does a judge do justice under these circumstances? Plaintiff asserts that he is not a "tax protester," and he claims he has paid all taxes owing to the United States. That may be; however, plaintiff's own allegations and exhibits show that his complaint is based on ideological disputes with the method of taxation in this country. For example, in Exhibit "L" attached to the complaint, plaintiff asserts that wages do not constitute income under the law and thus plaintiff can incur no tax liability by earning wages. This and other contentions of plaintiff are time-worn arguments, consistently rejected by federal courts across the United States. *See, Lonsdale v. Commissioner*, 661 F.2d 71 (5th Cir.1981).

■ While plaintiff has acted, in part at least, in anger and frustration, I cannot find that he has acted with deliberate express malice as to the non-federal defendants. Too, citizen participation in government—even through pro se litigation against the government—ought not be unduly discouraged. For these reasons, I decline to award the moving defendants the total amount of fees ($5,923.27) they have demanded, even though plaintiff has sub-

mitted no affidavit challenging that amount as unreasonable.

On the other hand, the defendants have clearly been wronged and damaged by plaintiff's actions, which can be characterized—at best—as frivolous, wanton, and reckless. Additionally, plaintiff should be made to realize his error before he does injury to others or further injury to himself.

There are those who believe they can ignore the decisions of the United States courts and can read our Constitution in a vacuum, construing its provisions as they please. Many of these people are misled and misguided by others who, carefully, do not put themselves at risk but rather seem to act as "coat-holders". Some protest our tax laws by refusing payment and incurring criminal penalties, while others file frivolous civil suits. In both instances they seem to exalt their personal views above the law as decided by our courts. Here, plaintiff's wrath has also wrongfully injured innocent private parties.

I find that plaintiff should be required to pay Ocean Tech and Lounsbury the sum of $500 each as partial reimbursement for their reasonable fees and costs herein incurred.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. The complaint against defendants Commissioner of Internal Revenue, Roger Steele, K. Hamilton, Mr. Child, and Susan Shoemaker is DISMISSED without prejudice for insufficient service of process and improper venue.

2. The complaint against defendants Ocean Technology, Ltd., and Hewitt V. Lounsbury and Associates is DISMISSED in its entirety with prejudice for lack of jurisdiction over said defendants and for failure to state a claim upon which relief can be granted.

3. Defendants Ocean Technology, Ltd., and Hewitt V. Lounsbury and Associates' motion for attorneys' fees is GRANTED and said defendants are awarded $500 each.