In re Petition Under 11 U.S.C. § 304(a).

**In re ERNST & YOUNG, INC., as Receiver of the Estate of Soundair Corporation, Foreign Debtor.**

**ERNST & YOUNG, INC. as Receiver of Soundair Corporation, Debtor in a Foreign Proceeding, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 2–91–02732. Adv. No. 2–91–0121.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 28, 1991.

D. Michael Crites, Jeffery Hopkins, Office of U.S. Attorney, Columbus, Ohio, Henry J. Riordan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant/appellant.

Richard K. Stovall, Thompson, Hine & Flory, Columbus, Ohio, Daniel F. Gosch, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for debtor/appellee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

OPINION AND ORDER ON MOTION TO DISSOLVE PRELIMINARY INJUNCTION AND TO DISMISS ADVERSARY PROCEEDING

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Considerations And Jurisdictional Statement*

This matter comes before the Court upon a motion (the "Motion") of the United States of America (the "United States") seeking: (1) dissolution of a preliminary injunction against the United States previously entered by the Court in this adversary proceeding; and/or (2) dismissal of this adversary proceeding. Ernst & Young, Inc. ("Ernst & Young"), the receiver of the estate of Soundair Corporation

("Soundair"), opposes the relief sought by the United States.

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(O) which this bankruptcy judge may hear and determine. For the reasons which follow, the Court denies the United States' request for dissolution of the preliminary injunction. In addition, the Court concludes that it lacks jurisdiction to determine the United States' dismissal request.

II. *Factual Background and Findings*

Soundair, a Canadian corporation, primarily operates passenger and parcel airline services in and between Canada and the United States. In connection with its business, Soundair maintains a hanger facility in Columbus, Ohio. It appears, however, that Soundair's operations are headquartered out of Canada.

In early 1990, the Royal Bank of Canada (the "Royal Bank") sought to have Soundair placed in receivership pursuant to applicable Canadian law. On April 26, 1990, the Supreme Court of Ontario appointed Ernst & Young as receiver of the assets, property and undertaking of Soundair. Since its appointment, Ernst & Young has liquidated certain assets of Soundair and has continued to manage and operate Air Toronto, a division of Soundair. It also appears that Ernst & Young has recently obtained approval from the Canadian courts for the sale of Air Toronto, which sale has not as of yet been consummated.

Subsequent to Ernst & Young's appointment as receiver, the United States of America, Internal Revenue Service ("IRS"), requested payment of certain taxes alleged to be due for periods prior to Ernst & Young's appointment. Increasing pressure from the IRS caused Ernst & Young to file on April 9, 1991 a petition under Section 304 of Title 11, United States Code (the "Bankruptcy Code"). That petition commenced a case under the Bankruptcy Code ancillary to the foreign receivership. Contemporaneously with the filing of the Section 304 petition, Ernst & Young instituted this adversary proceeding requesting this Court to enjoin the IRS from levying upon, placing a lien upon, or seizing assets located in the United States, or commencing an action for those purposes. Ernst & Young also requested the Court to enter a temporary restraining order granting such relief pending a hearing for preliminary injunction.

A hearing on Ernst & Young's request for a temporary restraining order was held on April 9, 1991. As a result of that hearing the Court entered an order that was approved by both parties. Pursuant to that agreed order, the IRS generally agreed to restrain from any and all collection activities against Soundair's assets. Ernst & Young agreed, on the other hand, that it would not remove Soundair's assets from the United States except as incident to its ordinary course of business of airline shuttle service. By stipulation, the parties later agreed that the agreed order entered on April 9, 1991 would extend in effect until the conclusion of a preliminary injunction hearing.

On May 2, 1991, a hearing was held on Ernst & Young's request for a preliminary injunction. At that hearing, the parties raised and argued several legal issues not only as to the requested injunctive relief, but also as to the overall merits of Ernst & Young's adversary complaint and the Section 304 petition. Given the number and complexity of those issues, the Court orally determined to preserve the status quo until it could research and decide the various issues raised. On May 6, 1991, the Court entered an order for that purpose. The May 6, 1991 preliminary injunction order contains terms nearly identical to those of the agreed order entered on April 9, 1991.

The United States responded to the May 6, 1991 preliminary injunction order in two ways. First, the United States appealed that order to a United States District Judge. Second, the United States filed in this adversary proceeding the Motion, seeking dismissal of the adversary proceeding and/or dissolution of the preliminary injunction.

In response to the Motion, Ernst & Young argues that post-appeal dissolution of the preliminary injunction is not within the ambit of Fed.R.Civ.P. 62(c) relief. In addition, Ernst & Young contends that "suspension" or "modification" of the preliminary injunction, although concededly permitted under Rule 62(c), would not be appropriate under the circumstances of this proceeding. Finally, Ernst & Young opposes the dismissal arguments advanced by the United States.

The United States has filed its reply to Ernst & Young's response, and the Court is left only to wade into the legal and procedural morass now before it.

### III. *Issues*

Upon consideration, the Court concludes that it need only resolve two main issues:

1. Whether relief in favor of the United States is proper under Fed.R.Civ.P. 62(c); and

2. Whether the Court can determine the United States' motion to dismiss this adversary proceeding notwithstanding the pendency of the appeal.

### IV. *Legal Discussion*

#### A. *Relief Under Fed.R.Civ.P. 62(c)*

Now obliged to wade into the morass, the Court must first inquire as to how far it may wade.

In the Motion, the United States plainly requests the Court to "dissolve" the previously entered preliminary injunction. Neither the Motion nor the memorandum filed in support thereof, however, cite any Federal Rule of Civil Procedure in support of such request.

In its response to the Motion, Ernst & Young contends that, to the extent the United States relies on Fed.R.Civ.P. 62(c), the requested relief is inappropriate. Believing it a matter of more than mere semantics, Ernst & Young argues that Rule 62(c) permits only "suspension" or "modification" of the preliminary injunction order, not dissolution of it. In support of that argument, Ernst & Young cites *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817 (5th Cir.1989).

Apparently conceding the strength of Ernst & Young's argument, the United States in its reply abandons its request for dissolution of the injunction and instead urges the Court to suspend or modify the injunction to "maintain the status quo pending appeal." United States' Reply at p. 9. Viewed in this manner, the Motion is in essence the equivalent of a motion to stay the preliminary injunction pending the adjudication of the United States' appeal.

■ The United States is correct that maintenance of the status quo is now the proper consideration. Having filed its notice of appeal, the United States effectively ousted this Court of jurisdiction over the preliminary injunction order, leaving only those limited injunctive powers provided for in Fed.R.Civ.P. 62(c). And, cases such as *Coastal Corp.* and *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623 (2nd Cir. 1962), clearly teach that this Court may not alter its injunction once an appeal has been filed except to preserve the status quo of the parties pending such appeal. *See, also, Lewis v. Tobacco Worker's Int'l Union*, 577 F.2d 1135 (4th Cir.1978). Rule 62(c) by its own terms requires that any alteration of the existing preliminary injunction must be "for the security of the rights of the adverse party."

■ It may very well be that this Court could properly grant acceptable relief to the United States under Rule 62(c). For instance, the Court presumes, without deciding, that upon appropriate request it could enjoin Ernst & Young from proceeding with the sale of Soundair's Air Toronto division or, at a minimum, modify the existing preliminary injunction order to require that status reports and prior notice of the closing of that transaction be given to the United States. As the Court sees it, that is the sort of maintenance of the status quo "for the security of the rights of the adverse party" contemplated by Rule 62(c).

Unfortunately, that is not the relief that the United States has sought. By the express words of the Motion, the United States asks this Court to "dissolve" the preliminary injunction. As the file stands,

the Motion has not been amended to seek different and/or additional relief in the form of suspension or modification of the preliminary injunction.

Moreover, the United States' assertion that the Motion "may now be considered by this Court as a motion to modify or to suspend the preliminary injunction in order to maintain the status quo pending appeal"[1] elevates words over substance. If the Court were to "modify," "suspend" or "stay" the preliminary injunction such that it effectively no longer exists pending appeal, the essence of that relief would be dissolution of the injunction. Such relief, given under the guise of suspension or modification of the injunction, not only would *not* preserve the status quo, it would, in effect, undo it. Such is plainly not the intent of Rule 62(c). Such relief would also be outside the jurisdiction of this Court as a result of the appeal filed by the United States. *Lewis,* 577 F.2d at 1139.

**B.** *The United States' Motion to Dismiss*

■ In the Motion, the United States also seeks dismissal of this adversary proceeding.[2] Although not raised as an issue by Ernst & Young, the Court believes it must, as an initial matter, determine whether it has jurisdiction to determine Ernst & Young's dismissal request.

■ The Court's preliminary research indicates that, as a general rule, an interlocutory appeal of a preliminary injunction divests a trial court of jurisdiction only as to those questions raised and decided in that order. The case otherwise remains pending on its merits in the trial court. *See, Railway Labor Executives v. City of Galveston,* 898 F.2d 481 (5th Cir.1990); *N.Y. State Nat. Organization for Women v. Terry,* 886 F.2d 1339 (2nd Cir.1989); *Shevlin v. Schewe,* 809 F.2d 447 (7th Cir.1987); *Richcreek v. Grecu,* 612 F.Supp. 111 (D.C.Ind.1985).

■ In this proceeding, however, the Court believes that the United States has framed its issues on appeal such that this Court no longer has jurisdiction to determine the dismissal motion. Specifically, in the United States' Designation of the Record and Statement of the Issues filed with this Court on May 17, 1991, the United States designates as an issue on appeal "[w]hether the United States of America has waived it [sic] sovereign immunity to permit suits to enjoin the United States from collecting federal taxes under 11 U.S.C. § 304."

The United States bases its motion to dismiss, in the main, upon its contention that it has not waived its sovereign immunity against suit in this proceeding. Because that issue has now been appealed, the Court finds that it is without jurisdiction to determine it.

Inasmuch as the United States bases its motion to dismiss on grounds other than those on appeal, e.g. The Anti–Injunction Act found at 26 U.S.C. § 7421(a), the Court believes that it may still possess jurisdiction to resolve those issues. However, because the dismissal arguments made by the United States are so intertwined at present, the Court is unable to separate and decide those issues that may properly remain before it.

Accordingly, the Court concludes that it may not decide the United States' motion to dismiss under the circumstances of this proceeding. Should the United States wish this Court to decide issues relating to its motion to dismiss that are not otherwise on appeal, the United States shall file a new, separate motion that specifically delineates those issues and explains why those issues may be decided by this Court notwithstanding the pending appeal.

**V.** *Conclusion*

For the reasons stated hereinabove, the Court DENIES the United States' request

---

**1.** United States' Reply at p. 5.

**2.** To be exact, the Motion requests the Court to "dismiss the adversary complaint and the petition." United States' Motion at p. 12. Plainly, these are separate and distinct requests. Be-

cause the Motion was filed in this adversary proceeding only (and not in the Section 304 case), the Court finds that no motion to dismiss the Section 304 case is properly before it.

for dissolution of the preliminary injunction. Further, because the issues relating to the United States' alleged sovereign immunity have been appealed for consideration by a United States District Judge, the Court concludes that it is without jurisdiction to decide the United States' request to dismiss this proceeding.

IT IS SO ORDERED.