# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40017
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2025

Lyle W. Cayce
Clerk

LAMONT FITCH,

*Plaintiff—Appellant*,

*versus*

MERRICK B. GARLAND, *official capacity as U.S. Attorney General*; CHRISTOPHER WRAY, *official Capacity as Director of F.B.I.*; MICHAEL CARVAJAL, *official capacity as Director of the Federal Bureau of Prisons*; KATHLEEN SAWYER, *individually and in their official capacity as former Federal Bureau of Prisons Director*; CHARELS L. LOCKETT, *individually and in their official capacity as Warden*, ET AL.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-402

———————————————————————

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40017

Lamont Fitch, federal prisoner # 12384-050, sued numerous individual defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), raising various claims. The district court determined that venue was improper as to Fitch's claims based on his confinement in non-Texas institutions, and separately dismissed Fitch's Texas-based claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Fitch now appeals that dismissal.

We review de novo dismissals of a claim pursuant to § 1915(e)(2)(B)(ii), using the same standard applied to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). A suit "will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We review a district court's decision to dismiss an action based on lack of venue for an abuse of discretion. *Lowery v. Estelle*, 533 F.2d 265, 267 (5th Cir. 1976).

First, Fitch argues on appeal that venue was proper regarding his non-Texas claims under 28 U.S.C. § 1391(b)(3) because there was a vast conspiracy that prevented him filing those claims in other districts. However, § 1391(b)(3) only applies where "there is no district in which an action may otherwise be brought," and Fitch failed to demonstrate that his filings in other courts were dismissed for want of venue. Because he has not shown that there is no district in which the non-Texas claims may be brought, he has failed to demonstrate that the district court abused its discretion by dismissing his non-Texas claims under § 1391(b)(3). *See Lowery*, 533 F.2d at 267. Further, the court did not err in declining to transfer the case in light of Fitch's lengthy allegations incorporating activity from around the country.

2

No. 24-40017

We see no reason that the district court should have, in the interest of justice, transferred the claims.

Second, as to his Texas-based claims, Fitch contends that the district court erred in determining that those claims present new contexts for *Bivens* purposes. However, Fitch did not allege denial of medical care—a *Bivens*-recognized cause of action—in his Texas-based claims. Moreover, despite his arguments to the contrary, Fitch's claims involving strip searches and property seizures present new *Bivens* contexts because they differ "in a meaningful way from previous *Bivens* cases," *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017), not the least of which is his status as a federal prisoner. He has not argued that *Bivens* should be extended to cover these claims, so he abandoned this argument on appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the district court did not err in dismissing his suit for failure to state a claim. *See Legate*, 822 F.3d at 210; *Black*, 134 F.3d at 733-34.

AFFIRMED.